# LAWRENCE KOZLOWSKI *v.* COMMISSIONER OF TRANSPORTATION ET AL.
## (SC 17303)

Borden, Norcott, Katz, Palmer and Vertefeuille, Js.

Argued March 11—officially released July 19, 2005

*Lorinda S. Coon,* with whom, on the brief, was *William J. Scully,* for the appellant (named defendant).

*Thomas M. Bond,* pro hac vice, with whom were *David Bohonnon* and, on the brief, *K. Wynne Bohonnon,* for the appellee (plaintiff).

*Opinion*

KATZ, J. The dispositive issue in this appeal is whether allegations made by the plaintiff, Lawrence Kozlowski, fall within the scope of General Statutes § 13a-144[1] (state highway defect statute) as involving a highway defect. The named defendant,[2] the commissioner of transportation, appeals from the trial court's decision denying his motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction on the basis of sovereign immunity.[3] Specifically, the defen-

---

[1] General Statutes § 13a-144 provides in relevant part: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the Commissioner of Transportation to keep in repair, or by reason of the lack of any railing or fence on the side of such bridge or part of such road which may be raised above the adjoining ground so as to be unsafe for travel or, in case of the death of any person by reason of any such neglect or default, the executor or administrator of such person, may bring a civil action to recover damages sustained thereby against the commissioner in the Superior Court. . . ."

[2] The plaintiff filed this action against the commissioner of transportation and Fairfield Hills Hospital (hospital), alleging as to each of them that they owned the catch basins along Mile Hill Road, the site of the plaintiff's injury. The trial court, *Hon. Jerry Wagner,* judge trial referee, granted the hospital's motion to dismiss the claim against it. The plaintiff did not appeal from the dismissal. For purposes of this appeal, we refer to the commissioner of transportation as the defendant.

[3] Although a denial of a motion to dismiss is interlocutory in nature and ordinarily not a final judgment for the purpose of an appeal, this court has held that when the motion is based on a colorable claim of sovereign immunity, a denial of a motion to dismiss is a final judgment from which

dant claims that the trial court improperly concluded that the plaintiff's complaint alleges a cognizable claim within the purview of the state highway defect statute. We agree, and accordingly, we reverse the trial court's decision.

The record reveals the following facts and relevant procedural history. Pursuant to § 13a-144, the plaintiff served notice of his intent to file a claim against the defendant. Thereafter, the plaintiff filed a complaint alleging that the defendant had breached his statutory duty to repair and to maintain the state's highways. Specifically, the plaintiff's complaint alleged that: (1) in May, 1997, R.H. White Construction Company, the plaintiff's employer, was performing work in Newtown, pursuant to a contract with the state, to replace the gas utilities under Mile Hill Road; (2) on May 15, 1997, while in the course of his employment, the plaintiff sustained serious personal injuries when he stepped on a defective catch basin cover along Mile Hill Road that broke and caused him to fall into the catch basin; (3) the catch basin covers along Mile Hill Road are owned by the state; (4) the defendant had a duty to maintain the roadway and the adjacent catch basin covers; (5) the defendant breached that duty; and (6) the sole proximate cause of the plaintiff's injuries was the defective and dangerous condition of the catch basin cover.

The defendant filed an answer to the plaintiff's complaint, denying any breach of duty. Thereafter, the defendant filed a motion to dismiss the complaint, asserting that the plaintiff's claim was barred by the doctrine of sovereign immunity.[4] Specifically, the defen-

___

an appeal may be granted. See, e.g., *Miller* v. *Egan*, 265 Conn. 301, 303 n.2, 828 A.2d 549 (2003).

[4] The defendant originally filed a motion to dismiss the plaintiff's complaint, claiming that the area of Mile Hill Road where the plaintiff was injured was not a part of the state highway system. The plaintiff subsequently provided documentation proving that Mile Hill Road was within the state highway system. Thereafter, the defendant withdrew that motion to dismiss without prejudice.

dant contended that, at the time of the accident, the plaintiff was not a "traveler" on the roadway and, therefore, could not avail himself of the state highway defect statute.

The trial court, *Booth, J.*, denied the defendant's motion. Specifically, the trial court concluded that the plaintiff's status as an employee injured on the roadway in the course of his employment should not preclude him from pursuing a claim as a traveler under the state highway defect statute. This appeal followed.[5]

The defendant contends that the plaintiff's claim falls outside the scope of the state highway defect statute for two reasons. First, the defendant claims that the catch basin cannot constitute a highway defect because it is in an area off the roadway that is not intended to be traversed. Second, the defendant claims that the plaintiff was not a "traveler" on the roadway at the time of his injury because he was on the roadway only for the purposes of his employment.[6] In response, the plaintiff contends that the defendant should be barred from asserting a claim before this court regarding whether the catch basin is a highway defect because no such claim was raised in the trial court. The plaintiff further contends that, even if that claim had been raised in the trial court, it still should fail because the state highway defect statute applies to conditions that are near the roadway so long as they are likely to or actually hinder travel. Finally, the plaintiff asserts that persons injured on the roadway during the course of their employment are "travelers" on the roadway within the meaning of the statute. We agree with the defendant's first claim.

---

[5] The defendant appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[6] Because our resolution of the defendant's first claim is dispositive, we need not address this claim.

Before addressing the merits of the defendant's appeal, we set forth the applicable standard and principles guiding our review. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo. . . . Moreover, [t]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . *Filippi* v. *Sullivan*, 273 Conn. 1, 8, 866 A.2d 599 (2005).

"The [state highway defect] statute is a legislative exception to the common law doctrine of sovereign immunity and is to be strictly construed in favor of the state. While negligence was a common law tort, there was no liability of the sovereign at common law for a defective highway in negligence or on any other common law theory. . . . The [state highway defect] statute imposes the duty to keep the state highways in repair upon the highway commissioner; that is the statutory command. Therefore, because there was no right of action against the sovereign state at common law, a plaintiff, in order to recover, must bring himself within § 13a-144. . . . *White* v. *Burns*, 213 Conn. 307, 321, 567 A.2d 1195 (1990). Moreover, [w]hether a highway is defective may involve issues of fact, but whether the

facts alleged would, if true, amount to a highway defect according to the statute is a question of law . . . . *Sanzone* v. *Board of Police Commissioners*, 219 Conn. 179, 201, 592 A.2d 912 (1991); accord *Ferreira* v. *Pringle*, 255 Conn. 330, 341–42, 766 A.2d 400 (2001)." (Internal quotation marks omitted.) *McIntosh* v. *Sullivan*, 274 Conn. 262, 267–68, 875 A.2d 459 (2005).

With these principles in mind, we turn to the case at hand. At the outset, we address the plaintiff's contention that we should not reach the defendant's claim that the catch basin is not a highway defect because the defendant failed to raise that claim in the trial court. As we previously have noted, in order to avail himself of the state's waiver of sovereign immunity on highway defect claims, the plaintiff must bring himself within the ambit of the state highway defect statute. *White* v. *Burns*, supra, 213 Conn. 321. Questions as to whether the doctrine of sovereign immunity bars a claim necessarily implicate the court's subject matter jurisdiction. *Filippi* v. *Sullivan*, supra, 273 Conn. 8. "This court has often stated that the question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised by any of the parties, or by the court sua sponte, at any time. . . . [T]he court has a duty to dismiss, even on its own initiative, any appeal that it lacks jurisdiction to hear. . . . Moreover, [t]he parties cannot confer subject matter jurisdiction on the court, either by waiver or by consent." (Citations omitted; internal quotation marks omitted.) *Webster Bank* v. *Zak*, 259 Conn. 766, 774, 792 A.2d 66 (2002). Accordingly, because the defendant's claim implicates the subject matter jurisdiction of this court, we are bound to reach its merits, irrespective of whether it was raised previously.

Turning to the question of whether the plaintiff's allegations state a claim for a highway defect, "[w]e have held that a highway defect is [a]ny object in, upon, or

near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result . . . . In *Hewison* [v. *New Haven*, 34 Conn. 136, 143 (1867)], we distinguished such highway defects from those objects which have no necessary [connection] with the road bed, or the public travel thereon, and which may expose a person to danger, not as a traveler, but independent of the highway . . . . We explored this distinction more recently in *Comba* v. *Ridgefield*, [177 Conn. 268, 413 A.2d 859 (1979)]. In that case, [we] reject[ed] the . . . assertion that an overhanging tree limb, which subsequently fell on a traveling automobile, could be a highway defect, [explaining]: [I]f there is a defective condition that is not in the roadway, it must be so direct a menace to travel over the way and so susceptible to protection and remedial measures which could be reasonably applied within the way that the failure to employ such measures would be regarded as a lack of reasonable repair. Id., 271. . . . *Sanzone* v. *Board of Police Commissioners*, supra, 219 Conn. 202. We consistently have held, moreover, that [t]he state is not an insurer of the safety of travelers on the highways which it has a duty to repair. Thus, it is not bound to make the roads absolutely safe for travel. . . . Rather, the test is whether or not the state has exercised reasonable care to make and keep such roads in a reasonably safe condition for the reasonably prudent traveler. . . . *Hall* v. *Burns*, 213 Conn. 446, 462–63, 569 A.2d 10 (1990)." (Internal quotation marks omitted.) *McIntosh* v. *Sullivan*, supra, 274 Conn. 268–69.

"Whether a condition in a highway constitutes a defect must be determined in each case on its own particular circumstances." *Chazen* v. *New Britain*, 148 Conn. 349, 353, 170 A.2d 891 (1961). In the present case, the location and the nature of the condition that caused

the plaintiff's injury are undisputed.[7] The catch basin is located in a dirt and grass area directly adjacent to the roadway. It is guarded by two tall wooden posts at each corner closest to the road, and a paved curb runs along the road on either side of the posts. The posts apparently serve to prevent automobiles from driving over the catch basin. Although the area immediately surrounding the catch basin is flat, the grassy area on either side slopes up from the roadway and is covered with heavy shrubbery. Thus, while the catch basin is near the roadway, it is in an area unintended for automobile or pedestrian travel.

This court previously has evaluated highway defect claims predicated upon similar circumstances. In doing so, the court has concluded that defective conditions located near the roadway, but in areas unintended for travel, are not highway defects within the ambit of the highway defect statute. See id., 354 ("[s]ince it is not intended that there shall be travel on such areas, travelers who leave the way provided for them and attempt to cross such areas may not assume that the areas are free from danger or unusual conditions, as travelers may do in the use of the traveled way"); *O'Neil* v. *New Haven*, 80 Conn. 154, 156–57, 67 A. 487 (1907) (holding that plaintiff could not recover damages for injury sustained in area that no traveler would knowingly and intentionally use as part of highway). This court also has recognized that, when the state either invites or reasonably should expect the public to use a particular area that is not directly in the roadway but that is a necessary incident to travel on the roadway, a defective condition therein may give rise to a cognizable action

---

[7] The defendant submitted to the trial court, along with its motion to dismiss, several photographs of the catch basin and its surrounding area. During his deposition, the plaintiff was questioned about the photographs, and he agreed that they accurately depicted the area in which he was working when his injury occurred.

under the statute. See, e.g., *Serrano* v. *Burns*, 248 Conn. 419, 429, 727 A.2d 1276 (1999) (plaintiff's claim was within scope of highway defect statute when injury occurred "in a parking lot . . . in a public rest area connected to a [state] highway"); *Baker* v. *Ives*, 162 Conn. 295, 301–302, 294 A.2d 290 (1972) ("The plaintiff and the public in general were encouraged to use this area for parking and it was reasonably to be expected that after parking her car the plaintiff would cross the dirt and grass area to reach the sidewalk. The fact that the defective condition was in an area which an occupant of an automobile was likely, and in fact encouraged, to use is an important consideration."); *Alston* v. *New Haven*, 134 Conn. 686, 689, 60 A.2d 502 (1948) ("[t]he statement of facts shows that the hole which caused the injury in this case was located in a part of the walk which persons crossing [the street] would naturally use"); *Griffith* v. *Berlin*, 130 Conn. 84, 87, 32 A.2d 56 (1943) ("The shoulders of a highway, while not designed for ordinary vehicular traffic, are intended for use when need arises. . . . They are a part of the wrought portion of the highway and, in the case of a state highway, control over them is necessarily in the state highway commissioner; he, if anyone, would be liable for a defective condition arising in them." [Citation omitted.]); *Novicki* v. *New Haven*, 47 Conn. App. 734, 740, 709 A.2d 2 (1998) ("[s]ince the walkway on which the plaintiff was injured was on public property and led from a city street to a public school, it was reasonably anticipated that the public would make use of it").

In the present case, however, it is clear that the public is neither invited nor expected to traverse the catch basin area.[8] Thus, to the extent that the plaintiff relies on

---

[8] We note that the plaintiff asserts that he was invited by the state to traverse the catch basin area for the purposes of his employment, specifically, to help pave the area leading to the catch basin. The plaintiff, however, does not cite, nor has our research revealed, a case in which we have extended liability under the state highway defect statute when a single

*Ferreira* v. *Pringle,* supra, 255 Conn. 330, the contrast between the defect alleged in that case and the present one readily demonstrates why the plaintiff's reliance is misplaced. In *Ferreira,* the plaintiff was injured when he stepped off a public bus and tripped on the remnant of a severed steel signpost embedded in the grassy embankment at the shoulder of the road intended for disembarking bus passengers. Id., 332. We concluded therein that, although the alleged defect was off the roadway, it nonetheless fell within the scope of the municipal highway defect statute, General Statutes § 13a-149, because it was in an area where travelers, namely bus passengers, "were likely, and in fact encouraged" to traverse. Id., 350. As we previously have noted, travelers are neither likely nor expected to traverse the catch basin area at issue in the present case.

The plaintiff's reliance on *Sanzone* v. *Board of Police Commissioners,* supra, 219 Conn. 179, similarly is misplaced. Although the faulty traffic light in *Sanzone* was above and thus *near* but not *in* the roadway, its defective condition necessarily hindered travel irrespective of the fact that it was not a physical impediment in the road itself. Id., 202–203. It is well settled that if "a defective condition . . . is not in the roadway, it must be so direct a menace to travel over the way and so susceptible to protection and remedial measures which could be reasonably applied within the way that the failure to employ such measures would be regarded as a lack of reasonable repair." (Internal quotation marks omitted.) Id., 202. Although the catch basin presumably exists to prevent excess water from impeding travel, the plaintiff does not allege that the catch basis was defective as to serving that function. Thus, its condition

person is invited by the state to traverse an area otherwise not intended for, nor incidental to, travel. Moreover, although the plaintiff's work involved the area near the catch basin, he concedes that his job "did not involve any work whatsoever to the catch basin or its cover."

did not impede travel. Accordingly, we conclude that the plaintiff's allegations as to the defective catch basin cover cannot, as a matter of law, constitute a highway defect.

The denial of the defendant's motion to dismiss is reversed and the case is remanded with direction to grant the defendant's motion to dismiss and to render judgment dismissing the action as against the defendant.

In this opinion the other justices concurred.