MONICA KEANE, ADMINISTRATRIX (ESTATE OF JOHN KEANE), ET AL. *v.* JOSEPH FISCHETTI ET AL.
(SC 18377)

WILLIAM MAHONEY ET AL. *v.* JOSEPH FISCHETTI ET AL.
(SC 18379)

Rogers, C. J., and Norcott, Palmer, Zarella, McLachlan and Vertefeuille, Js.

Argued December 8, 2010—officially released March 15, 2011

*William F. Gallagher*, with whom, on the brief, were *Hugh D. Hughes, Garrett M. Moore* and *Gregory E. O'Brien*, for the appellants in the first case (plaintiffs in the first case).

*Elliot B. Spector*, for the appellee in the first case (defendant William Mahoney in the first case).

*Justin Donnelly*, for the appellees in the first and second cases (named defendant in the first case and named defendant et al. in the second case).

*Charles W. Fleischmann*, for the appellee in the second case (defendant Monica Keane, administratrix of the estate of John Keane).

*Opinion*

ZARELLA, J. These appeals[1] require us to determine whether General Statutes § 7-308,[2] which bars actions

---

[1] The plaintiffs in both cases appealed from the judgments of the trial court to the Appellate Court, and this court subsequently transferred the appeals to itself pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] General Statutes § 7-308 provides in relevant part: "(b) Each municipality of this state . . . shall pay on behalf of any paid or volunteer fireman . . . of such municipality all sums which such fireman . . . becomes obligated to pay by reason of liability imposed upon such fireman . . . by law for damages to person or property, if the fireman . . . at the time of the occurrence, accident, injury or damages complained of, was performing fire . . . duties and if such occurrence, accident, injury or damage was not the result

between firefighters for negligence while acting within the scope of their employment, violates the equal protection clauses of the state and federal constitutions. In the first case (S.C. 18377), the plaintiff, Monica Keane, individually and as administratrix of the estate of John Keane, appeals from the judgment of the trial court, which granted the motions of the defendants, Joseph Fischetti and William Mahoney, to strike all counts of the complaint. In the second case (S.C. 18379), the plaintiffs, William Mahoney and Erin Mahoney, appeal from the judgment of the trial court following the trial court's decision to grant the motions of the defendants, Monica Keane, as administratrix of the estate of John Keane, and Fischetti,[3] to strike all counts of the complaint. On appeal, the plaintiffs in both cases claim that § 7-308 violates the state and federal equal protection clauses and, therefore, that the trial court improperly granted the defendants' motions to strike on the ground that the actions were barred by the immunity provision in § 7-308. We affirm the judgments of the trial court.

## I

## FACTS AND PROCEDURAL HISTORY

These appeals arise from the May 19, 2007 collision of two fire trucks from the city of Waterbury (city), namely, "Truck 1" and "Engine 12," which were being

---

of any wilful or wanton act of such fireman . . . in the discharge of such duties. . . . If a fireman or, in the case of his death, his dependent, has a right to benefits or compensation under [the Workers' Compensation Act] by reason of injury or death caused by the negligence or wrong of a fellow employee while both employees are engaged in the scope of their employment for such municipality, such fireman or, in the case of his death, his dependent, shall have no cause of action against such fellow employee to recover damages for such injury or death unless such wrong was wilful and malicious. . . ."

[3] We note that the city of Waterbury (city) also was named as a defendant in the second case and joined the motion to strike filed by Fischetti, the named defendant in that case. The city also intervened as a plaintiff in the second case.

operated by firefighters employed by the city. Both trucks were among other fire rescue vehicles responding to a report of a kitchen fire on Eastern Avenue in Waterbury. Fischetti operated Engine 12 while John Keane rode in the front passenger seat. William Mahoney operated Truck 1. As the two trucks approached the intersection of East Aurora Street and the Route 73 connector to Route 8 in Waterbury, Truck 1 collided with Engine 12. As a result of this collision, John Keane suffered serious injuries that resulted in his death, and William Mahoney suffered nonfatal injuries. William Mahoney and the dependents of John Keane are eligible to receive and have received benefits under the Workers' Compensation Act, General Statutes § 31-275 et seq. William Mahoney and Monica Keane, however, brought separate actions, seeking additional damages.

## A

### First Case (S.C. 18377)

On February 7, 2008, Monica Keane, individually and as administratrix of the estate of John Keane, filed an amended, four count complaint[4] in which she alleged that Fischetti and William Mahoney were negligent in the operation of their respective fire trucks and that their negligence caused John Keane's death.[5] Fischetti and William Mahoney thereafter filed separate motions to strike the respective counts of the complaint directed against them on the ground that § 7-308 barred injured firefighters who are eligible to receive workers' compensation benefits from bringing negligence actions against other firefighters for their injuries. Monica Keane objected to the motions and claimed that any immunity afforded to firefighters under § 7-308 violated

---

[4] Monica Keane filed the original complaint on January 18, 2008.

[5] In two of the four counts, Monica Keane, who was John Keane's spouse, sought damages for loss of consortium.

the equal protection clauses of the federal and state constitutions. The trial court granted the motions to strike as to those counts relating to the death of John Keane, concluding that § 7-308 barred those counts and that the immunity provision of the statute did not violate the federal and state constitutions. The court also granted the motions to strike the loss of consortium counts; see footnote 5 of this opinion; because those counts were derivative of the stricken counts relating to John Keane's death and, therefore, could not stand on their own. The court subsequently rendered judgment for Fischetti and William Mahoney.

B

Second Case (S.C. 18379)

The second case involves the same collision and the same parties, although some parties stand in different relation to each other in the second case than they did in the first case. On January 30, 2008, William Mahoney and Erin Mahoney filed a six count complaint against Fischetti, Monica Keane, as administratrix of the estate of John Keane, and the city, alleging, inter alia, that Fischetti and John Keane were negligent and that their negligence caused William Mahoney to sustain injuries.[6] Fischetti, Monica Keane and the city filed motions to strike the respective counts against them on the basis of the immunity provision in § 7-308. William Mahoney and Erin Mahoney responded that the immunity provision in § 7-308 violated the equal protection clauses of the federal and state constitutions. The trial court, following the same reasoning in its decision on the motions to strike in the first case, granted the motions to strike all counts of the complaint and subsequently

---

[6] In three of the six counts, Erin Mahoney, who is William Mahoney's spouse, sought damages for loss of consortium.

rendered judgment for Fischetti, Monica Keane and the city. These appeals followed.[7]

## II

## DISCUSSION

The plaintiffs claim that the trial court improperly struck their respective complaints because the immunity provided to firefighters by § 7-308, on which the trial court relied, violates the equal protection clauses of the state and federal constitutions. In support of their arguments, the plaintiffs raise two separate claims of unconstitutional discrimination. First, the plaintiffs claim that § 7-308 discriminates against firefighters in favor of other municipal employees because it prevents firefighters who are eligible for workers' compensation benefits from bringing actions against other firefighters for negligence in the operation of a motor vehicle during the course of employment, whereas other municipal employees are not similarly prevented from bringing such actions. Second, the plaintiffs claim that § 7-308 discriminates against firefighters in favor of *private* employees because private employees who are otherwise eligible for workers' compensation benefits may bring motor vehicle negligence actions against coworkers, whereas firefighters who are eligible for workers' compensation benefits may not. See General Statutes § 31-293a. The plaintiffs claim that both of these distinctions are irrational and cannot survive a rational basis review. We disagree and conclude that the classifications drawn by § 7-308 do not violate the state or federal constitution. We will address each of the plaintiffs' claims of discrimination in turn.

We begin with well established standards of review regarding motions to strike and applicable equal protec-

[7] In the interest of simplicity, we refer to the plaintiffs in both cases collectively as the plaintiffs and the defendants in both cases collectively as the defendants in discussing the arguments of the parties.

tion principles. A motion to strike attacks the legal sufficiency of the allegations in a pleading. E.g., *Fort Trumbull Conservancy, LLC* v. *Alves,* 262 Conn. 480, 498, 815 A.2d 1188 (2003). In reviewing the sufficiency of the allegations in a complaint, courts are to assume the truth of the facts pleaded therein and to determine whether those facts establish a valid cause of action. See, e.g., *Batte-Holmgren* v. *Commissioner of Public Health,* 281 Conn. 277, 294, 914 A.2d 996 (2007). If the pleading fails to establish a valid cause of action, a court shall grant a motion to strike the offending claims. See, e.g., *Fort Trumball Conservancy, LLC* v. *Alves,* supra, 498.

In the present appeals, the propriety of the trial court's rulings on the respective motions to strike hinges on the issue of whether the trial court properly concluded that § 7-308 did not violate the constitutional guarantee of equal protection under the law. A challenge to "[t]he constitutionality of a statute presents a question of law over which our review is plenary. . . . It [also] is well established that a validly enacted statute carries with it a strong presumption of constitutionality, [and that] those who challenge its constitutionality must sustain the heavy burden of proving its unconstitutionality beyond a reasonable doubt. . . . The court will indulge in every presumption in favor of the statute's constitutionality . . . . Therefore, [w]hen a question of constitutionality is raised, courts must approach it with caution, examine it with care, and sustain the legislation unless its invalidity is clear." (Internal quotation marks omitted.) *Kerrigan* v. *Commissioner of Public Health,* 289 Conn. 135, 155, 957 A.2d 407 (2008).

The equal protection clause of the fourteenth amendment to the United States constitution provides: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, § 1. Article first, § 20, of the constitution

of Connecticut provides: "No person shall be denied the equal protection of the law nor be subjected to segregation or discrimination in the exercise or enjoyment of his civil or political rights because of religion, race, color, ancestry or national origin." The plaintiffs have not claimed that the state constitution affords any greater protection than the federal constitution in this context. Therefore, we proceed to analyze the claims under each constitution together, under the same standard. See, e.g., *State* v. *Hedge*, 297 Conn. 621, 629 n.5, 1 A.3d 1051 (2010). To prevail on an equal protection claim, a plaintiff first must establish that the state is affording different treatment to similarly situated groups of individuals. See, e.g., *Stuart* v. *Commissioner of Correction*, 266 Conn. 596, 602, 834 A.2d 52 (2003). "[I]t is only after this threshold requirement is met that the court will consider whether the statute survives scrutiny under the equal protection clause." Id., 602 n.10.

We turn first to the threshold issue of whether § 7-308 creates a classification between similarly situated groups of individuals. The plaintiffs claim that firefighters are similarly situated to other municipal employees. The defendants respond that the nature of the work performed by firefighters is different such that firefighters are not similarly situated to other municipal employees. For the purposes of our analysis, we assume, without deciding, that firefighters are similarly situated to other municipal employees. See *Batte-Holmgren* v. *Commissioner of Public Health*, supra, 281 Conn. 295–96 (this court previously has assumed, in conducting equal protection analysis of challenged statute, that groups of persons are similarly situated).

The plaintiffs further claim that § 7-308 discriminates against firefighters in favor of other municipal employees insofar as it bars firefighters who are eligible to receive workers' compensation benefits from bringing

actions against firefighters for negligence arising out of motor vehicle accidents occurring in the scope of employment because other municipal employees may bring such actions against coworkers. We agree with the plaintiffs that the statute discriminates in this fashion.

We begin our analysis of the classification drawn by the legislature with a brief overview of the relevant statutory background. State law provides that municipal employees, including firefighters, are generally barred from bringing negligence actions against their coworkers for injuries that occur during the course of employment.[8] General Statutes § 7-308 (b) (barring such actions between firefighters); General Statutes § 7-465 (a) (barring such actions between other municipal employees). The purpose of this prohibition is to reduce municipal liability because state law otherwise requires municipalities to indemnify their employees from liability arising during the course of their employment and therefore would require the municipality to pay litigation costs and damages on behalf of employees even in actions brought by coworkers. See *Keogh* v. *Bridgeport*, 187 Conn. 53, 64, 68, 444 A.2d 225 (1982); see also General Statutes § 7-308 (b) (requiring municipality to indemnify firefighters); General Statutes § 7-465 (a) (requiring indemnification for all other municipal employees). To reduce this potential liability to municipalities, state law instead allows municipal employees to seek compensation for their injuries through the workers' compensation system. General Statutes § 31-275 et seq. The legislature, however, has provided an exception for all municipal employees except for firefighters that allows negligence actions between coemployees arising from motor vehicle accidents that occur

---

[8] We note that both firefighters and other municipal employees are permitted to bring actions against coworkers for wilful or intentional torts. See General Statutes § 7-308 (b) (firefighters); General Statutes § 7-465 (a) (other municipal employees).

within the course of employment even if the injured employee receives or is eligible to receive workers' compensation benefits. General Statutes § 7-465 (a). Section 7-308 specifically denies this exception to firefighters. General Statutes § 7-308 (b) provides in relevant part: "If a fireman or, in the case of his death, his dependent, has a right to benefits or compensation under [the Workers' Compensation Act] by reason of injury or death caused by the negligence or wrong of a fellow employee while both employees are engaged in the scope of their employment for such municipality, such fireman or, in the case of his death, his dependent, *shall have no cause of action against such fellow employee to recover damages for such injury or death unless such wrong was wilful and malicious. . . ."* (Emphasis added.) Because other municipal employees are permitted to bring motor vehicle negligence actions against coworkers while firefighters are not, we conclude that the state is treating firefighters differently from other municipal employees in this context.

We turn now to the issue of whether this classification survives scrutiny under the federal and state equal protection clauses. The plaintiffs claim that there is no rational purpose for singling out firefighters for different treatment as compared with other municipal employees because other municipal employees operate motor vehicles during the course of their employment and pose an equal, if not a greater, risk of accidents involving coworkers as firefighters. The defendants respond that this classification is rational because the reduction of municipal liability is a legitimate governmental objective and the legislature reasonably could have concluded that litigation arising from motor vehicle accidents between firefighters poses a greater risk to municipal liability than such litigation between other municipal employees. We agree with the defendants.

We begin with the standard of review. Legislative classifications that are not drawn along suspect lines and that do not burden fundamental rights are reviewed under the deferential rational basis standard. See, e.g., *Contractor's Supply of Waterbury, LLC* v. *Commissioner of Environmental Protection*, 283 Conn. 86, 93, 925 A.2d 1071 (2007). Under rational basis review, "the [e]qual [p]rotection [c]lause is satisfied [as] long as there is a plausible policy reason for the classification . . . the legislative facts on which the classification is apparently based rationally may have been considered to be true by the governmental decisionmaker . . . and the relationship of the classification to its goal is not so attenuated as to render the distinction arbitrary or irrational . . . ." (Citations omitted; internal quotation marks omitted.) *Rayhall* v. *Akim Co.*, 263 Conn. 328, 342, 819 A.2d 803 (2003). "Further, the [e]qual [p]rotection [c]lause does not demand for purposes of rational-basis review that a legislature or governing decisionmaker actually articulate at any time the purpose or rationale supporting its classification. . . . [I]t is irrelevant whether the conceivable basis for the challenged distinction actually motivated the legislature." (Citation omitted; internal quotation marks omitted.) *Contractor's Supply of Waterbury, LLC* v. *Commissioner of Environmental Protection*, supra, 93. "[A] statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against an equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." (Internal quotation marks omitted.) *Harris* v. *Commissioner of Correction*, 271 Conn. 808, 834, 860 A.2d 715 (2004). "To succeed, the party challenging the legislation must negative every conceivable basis which might support it . . . ." (Internal quotation marks omitted.) *Contractor's Supply of Waterbury, LLC* v. *Commissioner of Environmental Protection*, supra, 93.

The legislature, in pursuit of the legitimate governmental objective of reducing municipal liability, reasonably could have concluded that motor vehicle negligence actions between firefighters present a greater risk to municipal liability than such litigation between other municipal employees. See *Keogh* v. *Bridgeport*, supra, 187 Conn. 68 (reducing liability of municipalities is legitimate governmental objective). In pursuit of its objective of reducing municipal liability, the legislature need not eliminate all categories of such liability. Instead, the legislature need only have a rational basis for singling out motor vehicle negligence actions between firefighters. See *Williamson* v. *Lee Optical of Oklahoma, Inc.*, 348 U.S. 483, 489, 75 S. Ct. 461, 99 L. Ed. 563 (1955) ("The problem of legislative classification is a perennial one, admitting of no doctrinaire definition. Evils in the same field may be of different dimensions and proportions, requiring different remedies. Or so the legislature may think. . . . Or the reform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind. . . . The legislature may select one phase of one field and apply a remedy there, neglecting the others." [Citations omitted.]); see also *Barton* v. *Ducci Electrical Contractors, Inc.*, 248 Conn. 793, 818–19, 730 A.2d 1149 (1999) (relying on principles in *Williamson*). Further, the factual assumptions on which the legislature might reasonably have relied in drawing such a classification need not be exact or based on empirical evidence but only must be rational. See *Federal Communications Commission* v. *Beach Communications, Inc.*, 508 U.S. 307, 315, 113 S. Ct. 2096, 124 L. Ed. 2d 211 (1993) ("a legislative choice . . . may be based on rational speculation unsupported by evidence or empirical data"); see also *State* v. *Wright*, 246 Conn. 132, 146–47, 716 A.2d 870 (1998) (legislature reasonably could have concluded that risk of harm from robbery is generally

greater than risk presented by larceny regardless of whether it is true in all cases).

In support of the classification at issue, the defendants have offered several reasons why the legislature reasonably might have decided that motor vehicle negligence actions between firefighters present a greater risk of municipal liability than similar actions between other municipal employees. The defendants claim that negligence actions between firefighters are likely to be more frequent and more costly to municipalities because firefighters, unlike other municipal employees, typically respond to calls for service by operating unwieldy trucks in an emergency mode. This requires them to drive in excess of speed limits and in disregard of traffic control devices,[9] resulting in a greater risk of accidents that might give rise to litigation than that involving other municipal employees. The defendants further claim that the potential cost and frequency of litigation between firefighters are further exacerbated by the fact that firefighters ride with greater numbers of individuals in a single vehicle when responding to an emergency than other municipal employees, thereby increasing both the number of potential plaintiffs and the number of claims.

In addition to the defendants' claim that the classification in § 7-308 is rationally related to the legitimate governmental interest in reducing municipal liability, the defendants also claim that litigation between firefighters is more likely to reduce a municipality's ability to provide effective public safety services than litigation between other municipal employees because many municipalities rely heavily on volunteers to meet fire

[9] State law permits the operator of a fire truck to disregard parking laws, proceed past any red lights or stop signs, exceed posted speed limits and disregard traffic control signs and signals when on the way to a fire or when responding to an emergency. General Statutes § 14-283 (b).

staffing needs, and the threat of litigation from coworkers might deter such volunteers.

Although the plaintiffs have suggested that the factual validity of these justifications is debatable, the plaintiffs have not established that they are irrational or that the classification in § 7-308 is wholly unrelated to the legitimate governmental interest of limiting municipal liability. We conclude that the legislature reasonably could have relied on these facts in drawing the classification in § 7-308 and further conclude that this classification is reasonably related to the legitimate governmental interest of reducing municipal liability and fostering the provision of effective firefighting services. Although there may be other, perhaps even better, options available to the legislature to accomplish its legitimate objectives, rational basis review affords great deference to legislative choices and does not authorize this court to substitute its judgment, or that of the plaintiffs, for that of this state's elected representatives, as long as the classifications drawn by the legislature are reasonable. See *Williamson* v. *Lee Optical of Oklahoma, Inc.*, supra, 348 U.S. 488–89; *Barton* v. *Ducci Electrical Contractors, Inc.*, supra, 248 Conn. 818–19; see also *City Recycling, Inc.* v. *State*, 257 Conn. 429, 453–54, 778 A.2d 77 (2001). We therefore conclude that the classification between firefighters and other municipal employees created by § 7-308 does not violate the federal or state equal protection clause.

In addition to their claim that § 7-308 discriminates against firefighters in favor of other municipal employees, the plaintiffs also argue that § 7-308 discriminates against firefighters in favor of private employees because private employees who are receiving or who are eligible to receive workers' compensation benefits are nevertheless permitted to bring motor vehicle negligence actions against coworkers whereas injured firefighters cannot bring such actions. See General Statutes

§ 31-293a. This court previously has rejected such a claim. *Keogh* v. *Bridgeport*, supra, 187 Conn. 53. In *Keogh*, the plaintiff, Joan E. Keogh, as administratrix of the estate of a deceased Bridgeport firefighter, brought an action against another firefighter for negligence in the performance of his duties as a firefighter that resulted in the death of Keogh's decedent. Id., 54–55. The trial court dismissed the action on the basis of the immunity provision in § 7-308. Id., 55. On appeal, Keogh claimed, inter alia, that § 7-308 violated the equal protection clauses of the state and federal constitutions because it discriminated against firefighters as compared to private employees insofar as it prevented firefighters from bringing a negligence action against a coworker. Id., 65–66. This court applied a rational basis review to the alleged discrimination against firefighters and concluded that the statute "prevent[ed] double liability of municipalities for the negligence of municipal firemen"; id., 68; because it prevented a municipality, which is required to indemnify its firefighters from liability, from having to pay both workers' compensation benefits and damages to an injured firefighter or the estate of a deceased firefighter. Id., 68–69. We further concluded that limiting governmental liability was a legitimate governmental objective and held that the statute did not violate the federal or state constitution. Id.

The plaintiffs assert, however, that the holding of *Keogh* is incorrect insofar as it relied on the notion that § 7-308 prevented "double liability" to the municipality. Id., 68. The plaintiffs claim that, even though municipalities are required to indemnify firefighters from liability; see General Statutes § 7-308 (b); and are also required to pay workers' compensation benefits to injured employees, this will not result in *double* liability because the municipality essentially will be able to deduct the workers' compensation payments from the damages award that it must pay to the injured employee. See

General Statutes § 31-293 (a) (granting employer that has paid workers' compensation benefits to injured employee preference in recovering amount of those payments from any damages awarded to injured employee). For this reason, the plaintiffs argue that we should overturn our holding in *Keogh*. We disagree.

Regardless of whether a municipality is subjected to double liability as a result of actions between firefighters over motor vehicle accidents, municipalities will undoubtedly be burdened with additional litigation costs and additional exposure to liability in defending such actions. Inasmuch as reduction of municipal liability is a legitimate legislative goal, we conclude that § 7-308 is a reasonable means by which to accomplish that goal. We therefore decline to disturb our holding in *Keogh*.

The plaintiffs have not advanced any other claims in support of their contention that the trial court improperly granted the defendants' motions to strike. In light of our conclusion that the prohibition on motor vehicle negligence actions between firefighters in § 7-308 does not violate the equal protection clause of the state or federal constitution, we conclude that the trial court properly granted the motions to strike the complaints in each case and properly rendered judgments in favor of the defendants.

The judgments are affirmed.

In this opinion the other justices concurred.