39 A.3d 1065 (2012)
304 Conn. 298
Paul R. HIMMELSTEIN
v.
TOWN OF WINDSOR et al.
No. 18455.
Supreme Court of Connecticut.
Argued November 30, 2011.
Decided April 3, 2012.
*1066 Juri E. Taalman, with whom, on the brief, was Timothy Brignole, Hartford, for the appellant (plaintiff).
*1067 Thomas R. Gerarde, with whom, on the brief, was Beatrice S. Jordan, Hartford, for the appellee (named defendant).
ROGERS, C.J., and NORCOTT, ZARELLA, McLACHLAN, EVELEIGH and VERTEFEUILLE, Js.
NORCOTT, J.
The sole issue in this certified appeal is whether General Statutes § 52-557n,[1] in providing that General Statutes § 13a-149[2] affords the exclusive remedy against a municipality for injuries caused by a defect in a road or bridge, precludes a concurrent nuisance claim against a town when the trial court ultimately determines, on summary judgment, that the plaintiff has failed to establish a highway defect claim under § 13a-149. The plaintiff, Paul R. Himmelstein, appeals, following our grant of his petition for certification,[3] from the judgment of the Appellate Court affirming the trial court's judgment for the named defendant, the town of Windsor, (town),[4] rendered after the trial court granted the town's motion to strike count four of the plaintiff's complaint, sounding in nuisance. Himmelstein v. Windsor, 116 Conn.App. 28, 974 A.2d 820 (2009). Because the trial court must embark on a fundamentally different inquiry when ruling on a motion to strike than when ruling on a motion for summary judgment, and because we agree with the town that the plaintiff has simply pursued his claims against the wrong party, we affirm the judgment of the Appellate Court.
The record reveals the following relevant facts alleged by the plaintiff and procedural history. On Tuesday, July 20, 2004, at approximately 6:45 p.m., the plaintiff was operating his bicycle in the northbound travel portion of Route 159, also known as Palisado Avenue, in the town. Due to vehicular traffic also traveling on Route 159, the plaintiff was forced to cross over the white fog line and into the area of the breakdown lane between the white fog line and the curb, or the edge of the road. There, he collided with a radar trailer that the town's police department had placed in that area. As a result of the collision, the plaintiff suffered various personal injuries and economic damages. Thereafter, on June 24, 2005, in a seven count complaint, *1068 the plaintiff alleged, inter alia, a breach of statutory duty pursuant to § 13a-149 against the town, a claim of nuisance against the town for placing the radar trailer in the travel portion of the road, and claims for negligence, nuisance and breach of statutory duty pursuant to General Statutes § 13a-144[5] against the commissioner of transportation and certain employees or agents of the department of transportation.[6]
On September 23, 2005, the trial court, Keller, J., granted the town's motion to strike, inter alia, the plaintiff's nuisance claim against it, stating: "In this case, the plaintiff does not allege that anything other than the failure of the town and/or its employees to remedy or warn him of the position of the radar trailer was the proximate cause of his injuries. He clearly alleges that a physical impediment at street level, in the traveled portion of the roadway, rendered the roadway not reasonably safe for travel....
"Therefore, the court concludes, as a matter of law, that the allegations as to the radar trailer in the plaintiff's complaint bring it within the class of objects `in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which from [their] nature and position, would be likely to produce that result,' that constitute defects in the highway. [Hewison v. New Haven, 34 Conn. 136, 142 (1867)].... [I]f the obstruction is maintained in a condition that renders the highway unsafe, it is deemed a defect ... [and] the town is liable under the highway defect law....
"Accordingly, since the radar trailer [as alleged] constitutes a highway defect, the plaintiff's exclusive remedy is an action pursuant to § 13a-149." (Citations omitted.)
The plaintiff thereafter filed an amended complaint essentially removing all of his claims against the town except for the claim pursuant to § 13a-149, but preserved for appellate review the counts that the trial court had struck. The town subsequently filed a motion for summary judgment as to the plaintiff's remaining count, arguing, inter alia, that the town was not the party bound to keep the roadway in the location of the plaintiff's accident in repair because it was a state highway, and thus was not liable to the plaintiff under § 13a-149. After reviewing the pleadings, affidavits and other proof submitted in connection with the motion for summary judgment, and the plaintiff's opposition thereto, the trial court, Dubay, J., determined that the plaintiff's accident occurred on Route 159, which is indisputably a state highway maintained solely by the state department of transportation. Accordingly, the trial court granted the town's motion for summary judgment, concluding that the town had no obligation to *1069 maintain the highway at the location of the accident and, therefore, the plaintiff had failed to establish an essential element of his claim under § 13a-149, which allows recovery only from "the party bound to keep [the defective road] in repair."
The plaintiff appealed from the judgment of the trial court to the Appellate Court, arguing, inter alia, that the trial court improperly struck his nuisance count and improperly granted the town's motion for summary judgment. Himmelstein v. Windsor, supra, 116 Conn.App. at 30, 974 A.2d 820. In affirming the judgment of the trial court, the Appellate Court concluded that the trial court "properly determined, as a matter of law, that the specific allegations set forth in count four of the complaint [sounding in nuisance] fall within the province of § 13a-149 ... [and] because count four of the complaint set forth an allegation of a municipal highway defect, § 13a-149 was the exclusive remedy available to the plaintiff.... After [the trial court] determined that the allegations contained in count four invoked § 13a-149 as a matter of law, the nuisance count was legally insufficient and no longer viable." (Citations omitted.) Id. at 39-40, 974 A.2d 820.
The Appellate Court further concluded, with respect to the grant of the motion for summary judgment on the plaintiff's sole remaining count, that the town had established that there was no genuine issue of material fact that the state, rather than the town, was bound to keep Route 159 in repair, and that the plaintiff had failed to present evidence that would raise such a triable issue of fact in that regard. Id. at 46-47, 974 A.2d 820. Finally, the Appellate Court rejected the plaintiff's argument that a statutory paradox exists between §§ 13a-149 and 13a-144 on the basis of the sole proximate cause requirement in those statutes, which, according to the plaintiff, would leave him with no remedy for his injuries and lead to an unworkable result. Id. at 49, 974 A.2d 820. This certified appeal followed.
After reviewing the record and the parties' briefs, and after considering the claims advanced by the parties during oral argument before this court, we conclude that the certified issue in the present case; see footnote 3 of this opinion; should be rephrased to more precisely reflect the issue before us. See, e.g., Stamford Hospital v. Vega, 236 Conn. 646, 648-49 n. 1, 674 A.2d 821 (1996). Accordingly, we consider the following revised question: Did the Appellate Court properly affirm the trial court's judgment striking the nuisance claim against the town on the basis of its determination that § 13a-149 was the plaintiff's exclusive remedy against the town, when it also affirmed the grant of summary judgment for the town on the basis of its determination that the plaintiff had failed to establish an essential element of a highway defect claim under § 13a-149?
On appeal, the plaintiff argues that the Appellate Court improperly determined that the trial court appropriately struck the count of his complaint alleging nuisance against the town. Specifically, he argues that the trial court improperly concluded that, because the plaintiff had alleged a breach of statutory duty pursuant to § 13a-149 in the first count of the complaint, he could not plead a separate claim of nuisance against the town in the alternative. Furthermore, the plaintiff argues that he was prejudiced by the trial court's decision striking his alternative pleading in nuisance based on the exclusionary provision of § 52-557n before determining that § 13a-149 did, in fact, apply to his case. Because he claims that the exclusionary provision prohibits alternative pleadings only if § 13a-149 applies, and § 13a-149 *1070 only applies to the party bound to keep the road in repair, the plaintiff argues that the trial court was required to make a factual determination regarding which party the town or the statewas duty bound to maintain the road where the plaintiff's collision occurred, which the trial court could not do when ruling on a motion to strike. Finally, the plaintiff contends that, because the highway defect on what was later determined to be a state road was created by the positive acts of the town, he is unable to advance a claim against the state based on the sole proximate cause requirement of § 13a-144. See White v. Burns, 213 Conn. 307, 336, 567 A.2d 1195 (1990) ("[s]ole proximate cause remains the standard of causation under § 13a-144"). He argues, therefore, that precluding nuisance claims against municipalities in these circumstances creates an absurd result wherein a plaintiff, who is injured as a result of positive acts by a municipality that create a hazard on a state road, is left unable to recover from either the state or the municipality.
The town argues in response that the plaintiff unequivocally alleged, in the fourth count of his complaint, that his injuries were caused by a highway defect, which triggered the application of § 13a-149 as a matter of law. The town then contends that, after making the determination that the plaintiff's allegations necessarily implicated § 13a-149, the trial court properly determined that the plaintiff's nuisance claim was legally insufficient and no longer viable because § 52-557n specifically precludes nuisance actions against municipalities for injuries caused by defective roads. Finally, the town argues that our recent decision in Machado v. Hartford, 292 Conn. 364, 972 A.2d 724 (2009), makes clear that the highway defect statutes require only that the sole proximate cause of the plaintiff's injuries is the existence of the defect itself, rather than the existence of intervening factors unrelated to the defect itself that combine with the defect to cause the injury. The town argues, therefore, that if the highway defect itself is the sole proximate cause of the plaintiff's injuries, whether a third party participated in the creation of the defect will not affect the liability of the party statutorily bound to keep the roadway in repair. We agree with the town.
We begin with the well established standard of review regarding motions to strike. "A motion to strike attacks the legal sufficiency of the allegations in a pleading.... In reviewing the sufficiency of the allegations in a complaint, courts are to assume the truth of the facts pleaded therein, and to determine whether those facts establish a valid cause of action." (Citation omitted.) Keane v. Fischetti, 300 Conn. 395, 402, 13 A.3d 1089 (2011). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied.... Thus, we assume the truth of both the specific factual allegations and any facts fairly provable thereunder." Salemme v. Seymour, 262 Conn. 787, 792, 817 A.2d 636 (2003). Moreover, "[w]hether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law...." (Internal quotation marks omitted.) Kozlowski v. Commissioner of Transportation, 274 Conn. 497, 501-502, 876 A.2d 1148 (2005). "Because a motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court, our review of the court's ruling [on a motion to strike] is plenary." Connecticut Coalition for Justice in Education *1071 Funding, Inc. v. Rell, 295 Conn. 240, 252, 990 A.2d 206 (2010).
In order to evaluate the plaintiff's claims, we must also consider general, intersecting principles of state and municipal immunity and liability as they relate to injuries caused on or near a roadway. "It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases.... The state legislature ... possesses the authority to abrogate any governmental immunity by statute that the common law gives to the state and municipalities.... Indeed, this is what the legislature did in the area of highway defects when it enacted the state and municipal highway liability statutes. The state, which ordinarily would not be liable, permitted itself, as a matter of grace, to be sued under the express conditions of [§ 13a-144]. Therefore, because the state has permitted itself to be sued in certain circumstances, this court has recognized the well established principle that statutes in derogation of sovereign immunity should be strictly construed." (Citations omitted; internal quotation marks omitted.) White v. Burns, supra, 213 Conn. at 312, 567 A.2d 1195. Accordingly, the only avenue through which a plaintiff, injured by means of a highway defect on a state road, may seek recovery from the state is through an action brought pursuant to § 13a-144.
Furthermore, our legislature has established general principles of municipal liability and immunity, providing that political subdivisions of the state may be sued for creating or participating in the creation of a nuisance. General Statutes § 52-557n (a)(1)(C). The municipal liability statute also specifically provides, however, that "no cause of action [in nuisance] shall be maintained [against a municipality] for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149." (Emphasis added.) General Statutes § 52-557n (a)(1)(C). Therefore, although "[l]iability in nuisance can be imposed on a municipality ... if the condition constituting the nuisance was created by the positive act of the municipality"; Wright v. Brown, 167 Conn. 464, 470, 356 A.2d 176 (1975); if the injury complained of was caused by a highway defect on a town road, the plaintiff's only recourse against the town is to pursue a claim under § 13a-149.
Finally, "[w]e have held that a highway defect is [a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position would be likely to produce that result." (Internal quotation marks omitted.) Kozlowski v. Commissioner of Transportation, supra, 274 Conn. at 502-503, 876 A.2d 1148. This principle applies to "[t]he shoulders of a highway, [which] while not designed for ordinary ... traffic, are intended for use when need arises." Griffith v. Berlin, 130 Conn. 84, 87, 32 A.2d 56 (1943).
With these principles in mind, we turn to the present case. The following allegations, set forth in the fourth count of the plaintiff's complaint, are relevant to our disposition of his claims. Paragraphs one through eight of the fourth count were incorporated from the corresponding paragraphs fully set forth in the first count of the complaint, and included: "[The town]... is a municipal corporation charged with the statutory duty of maintaining, repairing and otherwise rendering safe town streets and roads within its municipal limits pursuant to ... [§] 13a-149.... Palisado Avenue is a [t]own [r]oad within *1072 the town road system of the [town].... [T]he [p]laintiff, while operating his bicycle in the northbound travel portion of Palisado Avenue in the [town], collided with a... [radar trailer] which had been parked, stored or placed in the travel portion of said roadway ... without the placement of warning lights, hazard flashers, orange cones or barrels, signs or any other warning devices to indicate the location of said [r]adar [t]railer."
The fourth count continued: "The [town]... created and maintained a nuisance in that, by placing, parking, erecting or storing said [r]adar [t]railer in the travel portion of said roadway, [it] created and maintained a condition which had a natural tendency to create danger and inflict injury upon the person or property of persons lawfully using said roadway.... The creation and maintenance of the aforesaid dangerous condition by the [t]own ... constituted a nuisance and interfered with the right of the public, including the [p]laintiff, to the use of a safe roadway.... As a consequence of the creation and maintenance of the aforesaid nuisance by the [town] ... the [p]laintiff ... was caused to sustain serious personal injuries ... economic damages ... [and] physical and emotional pain and suffering ...."
Stated more concisely, the plaintiff's fourth count alleged that the town is the party bound to keep the roadway where the plaintiff's accident occurred in repair, that the town had placed the radar trailer in the travel portion of the roadway causing an obstruction, which rendered that area unsafe for ordinary use, and that the plaintiff had collided with the unsafe obstruction while lawfully using the travel portion of the roadway, which resulted in the injuries for which he sought recovery from the town. Taking the facts alleged in count four as true, for the purposes of evaluating the motion to strike, it is clear that such allegations implicate § 13a-149 as a matter of law. Given that § 52-557n (a)(1)(C) provides that the exclusive remedy for damages resulting from injury by means of a defective town road is a claim under § 13a-149, and that count four alleges that the plaintiff's injuries were caused by his encounter with a portion of a town road that was defective-as alleged, the radar trailer was an "object in ... the traveled path, which would necessarily obstruct or hinder one in the use of the road"; (internal quotation marks omitted) Kozlowski v. Commissioner of Transportation, supra, 274 Conn. at 502-503, 876 A.2d 1148we conclude that the trial court properly determined that the plaintiff's count sounding in nuisance against the town was precluded by the exclusivity provision of § 52-557n (a)(1)(C) and, therefore, struck it as legally insufficient.
Nevertheless, the plaintiff argues that the trial court improperly precluded him from pleading nuisance in the alternative to his breach of statutory duty claim against the town. He first contends that the trial court improperly determined that, because he had pleaded a claim of breach of statutory duty pursuant to § 13a-149 in the first count of his complaint, he was precluded from presenting an alternative theory of nuisance in the fourth count of the complaint. This argument is a mischaracterization of the inquiry performed by the trial court, however, and therefore, is without merit.
In the motion to strike, the town argued that the nuisance claim was legally insufficient because it was barred by the exclusivity provision of § 13a-149. After reviewing count four, taking as true the facts alleged thereinnamely, that the plaintiff's injuries were caused by an impediment at street level that rendered the road unsafe for ordinary usethe trial court determined that a nuisance claim was not *1073 viable because the plaintiff had alleged, in count four, that his injuries were caused by a highway defect. This decision was not based on the fact that the plaintiff had alleged a claim of breach of statutory duty in the first count of his complaint. Rather, it was based on a determination that the facts alleged in count four invoked the highway defect statute as a matter of law, which precluded an alternative claim in nuisance.
Second, the plaintiff contends that the trial court could not properly determine that § 13a-149 provides the exclusive remedy for the plaintiff's injuries without first determining whether the town was, in fact, the party bound to keep the road in repair. This inquiry, the plaintiff argues, required a factual determination, such that the trial court should have denied the motion to strike until such time as it could determine which party owed a duty to the plaintiff. This argument misses the mark, however, because it ignores the fact that the plaintiff specifically alleged, in count four, that the town was the party bound to keep the road in repair, and the trial court was required to take as true the facts alleged in the complaint when ruling on the motion to strike. See, e.g., Keane v. Fischetti, supra, 300 Conn. at 401-402, 13 A.3d 1089.
Furthermore, the plaintiff's inability to establish that the town was, in fact, the party bound to keep Route 159 in repair, which led to summary judgment for the town and prevented the plaintiff from prevailing on his claim under § 13a-149, does not affect the propriety of the trial court's determination that he could not go forward with his nuisance claim in the alternative. When examining the town's motion to strike, the trial court was asked to evaluate the legal sufficiency of the claims against the town, taking the facts alleged in each count as true. See id. Assuming, as was clearly alleged, that the town was the party bound to keep Route 159 in repair and that the plaintiff's injuries were caused by an obstruction in the travel portion of the roadindeed, no contrary facts regarding the cause of the plaintiff's injuries were pleaded in the alternative elsewhere in the complaintthe only claim that the plaintiff legally could advance against the town was a highway defect claim pursuant to § 13a-149. The determination that the plaintiff's exclusive remedy against the town, if the plaintiff could prove the facts alleged, was a highway defect claim under § 13a-149, however, did not establish that the town was, in fact, the party bound to maintain the road. A determination that a claim survives a motion to strike does not relieve the plaintiff from actually establishing a factual basis for that claim in either summary judgment proceedings or at trial, and a determination that the plaintiff has failed to establish a portion of his claim at the summary judgment stage does not render the trial court's determination regarding the legal sufficiency of any other claims the plaintiff may have attempted to advance improper.
Finally, the plaintiff claims that preventing him from pleading nuisance in the alternative to statutory liability leads to an absurd result should his claim based on statutory liability fail. See White v. Burns, supra, 213 Conn. at 336, 567 A.2d 1195. This argument is based on the plaintiff's interpretation of the sole proximate cause requirement to establish liability under both the municipal and state highway defect statutes. In this case, because the radar trailer was placed on the road by the town, the plaintiff argues that the state can avoid liability by claiming that the defect was created by the town's positive actions in creating a nuisance on a state road. Thus, he claims, if the town cannot be held liable for the placement of *1074 the radar trailer in the travel portion of the road because it is not the party bound to keep the road in repair and, further, cannot be sued in nuisance, and the state can avoid liability because it can claim that its failure to keep that area of the road in adequate repair was not the sole proximate cause of the plaintiff's injuries, §§ 13a-149 and 13a-144 combine to produce an absurd result precluding the plaintiff from obtaining recovery for his injuries from any party. This argument misunderstands the implication of the sole proximate cause requirement, as recently clarified in Machado v. Hartford, supra, 292 Conn. at 379, 972 A.2d 724.
Both the state and the municipal highway defect statutes require that the highway defect is the sole proximate cause of the plaintiff's injuries, which precludes recovery against the state or a municipality in the event that the injury was caused by a combination of the defect and negligence on the part of the injured party or a third party. See White v. Burns, supra, 213 Conn. at 310-11, 567 A.2d 1195 (no liability under § 13a-144 when injuries were caused by combination of neglect and default of state and negligence of third party driver); Lukas v. New Haven, 184 Conn. 205, 207, 439 A.2d 949 (1981) ("[t]o recover under [§ 13a-149] the plaintiff must prove ... that the defect [was] the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence").
In Machado v. Hartford, supra, 292 Conn. at 379, 972 A.2d 724, we clarified, however, that if two sources of negligence combine to create a defect, which defect is then the sole proximate cause of a plaintiff's injuries, the party bound to maintain the area wherein the defect is located can still be held liable under the relevant highway defect statute. See id. ("it is not the mere existence of third party negligence that defeats municipal liability under § 13a-149 but, rather, the existence of any intervening factors unrelated to the defect itself, whether negligent or not, that combine with the defect to cause the plaintiff's injuries" [emphasis in original]). Furthermore, we stated that "it follows that the manner in which a defect is created in and of itself has no bearing on ... liability under the statute. Rather, it is the existence of the defect and the ... actual or constructive knowledge of and failure to remedy that defect that are of primary importance in making out a prima facie case of ... liability...." (Citation omitted; emphasis in original.) Id. at 378, 972 A.2d 724. "Indeed, this court previously has concluded on several occasions that a municipality may be liable under the applicable highway defect statute despite the fact that the defect was created by the negligence of a third party." (Emphasis added.) Id. at 379 n. 15, 972 A.2d 724. Because there exists a statutory duty to maintain highways such that they are safe for ordinary use, liability under the highway defect statutes is premised on the existence of and the failure to remedy a defect, rather than on negligence in creating or allowing a nuisance or other obstruction to present a danger to travelers. See id. at 380, 972 A.2d 724. Accordingly, it is clear that the sole proximate cause doctrine would not have prevented the plaintiff from proceeding with his statutory claim against the state pursuant to § 13a-144.[7] Therefore, *1075 the plaintiff's claim that he is left without any remedy because he cannot hold the town liable in nuisance or under § 13a-149, and because he cannot hold the state liable due to the sole proximate cause doctrine, is meritless.
The judgment of the Appellate Court is affirmed.
In this opinion the other justices concurred.
NOTES
[1] General Statutes § 52-557n (a) (1) provides in relevant part: "Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by ... (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149...." (Emphasis added.)
[2] General Statutes § 13a-149 provides in relevant part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair...."
[3] We granted the plaintiff's petition for certification to appeal limited to the following issue: "Did the Appellate Court properly affirm the judgment as to the nuisance claim based on its determination that General Statutes § 13a-149 was the plaintiff's exclusive remedy when it also determined that the plaintiff's claim did not fall within § 13a-149?" Himmelstein v. Windsor, 293 Conn. 927, 980 A.2d 910 (2009).
[4] Kevin Searles, chief of police of the town, John Doe, an unnamed agent, servant or employee of the town police department, the town police department itself, Stephen E. Korta, the commissioner of transportation or his predecessor, and John Doe II, an unnamed agent, servant or employee of the department of transportation, were also named as defendants in the plaintiff's complaint. The trial court rendered judgment for the town only, and the claims against the remaining defendants have been withdrawn or disposed of. Accordingly, the town is the only remaining defendant in the present case.
[5] General Statutes § 13a-144 provides in relevant part: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the Commissioner of Transportation to keep in repair ... may bring a civil action to recover damages sustained thereby against the commissioner in the Superior Court...."
[6] All of the claims against the state and its agents or employees have been withdrawn by the plaintiff or dismissed by the trial court. See footnote 4 of this opinion. Although the sole question we address in the present case centers on the trial court's disposition of the plaintiff's claims against the town, a portion of the plaintiff's argument is founded on his belief that the fact that he is unable to pursue claims against the state should affect our analysis of whether the trial court properly struck his nuisance claim against the town. Therefore, the potential claims against the state will be discussed herein when relevant.
[7] Furthermore, whether the state may seek recovery from the town for any amounts for which it is held liable in an action pursuant to § 13a-144 similarly is irrelevant to the question of the state's liability under that statute in the first place. Section 13a-144 preserves the state's right to subrogation from entities responsible for creating highway defects. Specifically, § 13a-144 provides in relevant part that "[t]his section shall not be construed so as to relieve any contractor or other person, through whose neglect or default any such injury may have occurred, from liability to the state; and, upon payment by the [state] of any judgment rendered under the provisions of this section, the state shall be subrogated to the rights of such injured person to recover from any such contractor or other person an amount equal to the judgment it has so paid...." Therefore, if the town is responsible for creating a nuisance for which the state is held liable under § 13a-144 because the nuisance amounts to a highway defect on a road that the state is bound to maintain, the state may seek recovery of any amounts paid to the plaintiff from the town in subrogation.