******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

WILLIAM DOBIE *v.* CITY OF
NEW HAVEN ET AL.
(AC 42877)

Elgo, Cradle and Alexander, Js.

*Syllabus*

The plaintiff sought to recover damages for personal injuries that he sustained when his vehicle struck an open manhole while he was traveling on a roadway maintained by the defendant city. The plaintiff alleged that his injuries were the result of the city's negligence, as one of its snowplows had knocked off the manhole cover and its operator failed to stop and secure the roadway. The city filed a motion to dismiss the complaint, arguing that the facts alleged stated a claim of injury arising out of a highway defect for which the defective highway statute (§ 13a-149) provided the exclusive remedy and that the court lacked subject matter jurisdiction because the plaintiff failed to give notice of his injuries as required by the statute. The court sustained the plaintiff's objection to the motion, noting that the complaint alleged that the plaintiff's injuries were caused by the negligence of the snowplow driver rather than by a defect in the road. The matter proceeded to trial and a jury returned a verdict in favor of the plaintiff. The city filed a posttrial motion to dismiss, renewing its claim that the court lacked subject matter jurisdiction due to the plaintiff's failure to provide the requisite notice pursuant to § 13a-149. The court denied the motion, again stating that the plaintiff was asserting a negligence claim rather than a defective highway claim, and rendered judgment in favor the plaintiff, from which the city appealed to this court. *Held* that the trial court improperly denied the city's posttrial motion to dismiss the plaintiff's action for lack of subject matter jurisdiction because § 13a-149 provided the plaintiff's exclusive remedy against the city and the plaintiff failed to comply with its notice requirements: the plaintiff's injuries were caused by an open manhole, which constituted a highway defect within the meaning of § 13a-149 because it was an object in the traveled path that obstructed or hindered the use of the road for the purpose of traveling, and the city conceded that it was responsible for maintaining the road on which the manhole was located; moreover, although the plaintiff did not plead § 13a-149 as a means for recovery, his sole remedy was under the statute because the evidence invoked it, and the cause of the defect did not alter this analysis because the city's liability was based on the existence of and its failure to remedy the defect; furthermore, the plaintiff failed to provide notice to the city within ninety days of the accident, which was a condition precedent to an action under § 13a-149, thereby depriving the court of subject matter jurisdiction.

Argued November 16, 2020—officially released May 11, 2021

*Procedural History*

Action to recover damages for personal injuries sustained as a result of the named defendant's alleged negligence, and for other relief, brought to the Superior Court in the judicial district of New Haven and tried to the jury before *Ozalis, J.*; verdict for the plaintiff; thereafter, the court denied the named defendant's motions to set aside the verdict and to dismiss, and rendered judgment in accordance with the verdict, from which the named defendant appealed to this court. *Reversed*; *judgment directed.*

*Thomas R. Gerarde*, with whom, on the brief, was *Beatrice S. Jordan*, for the appellant (named defendant).

*Brendan K. Nelligan*, with whom were *Charles Riether* and *Leann Riether*, for the appellee (plaintiff).

*Opinion*

ELGO, J. The defendant city of New Haven[1] appeals from the judgment of the trial court, rendered following a jury trial, in favor of the plaintiff, William Dobie. On appeal, the defendant contends that the court improperly denied its posttrial motion to dismiss, which was predicated on the plaintiff's alleged failure to comply with the requirements of General Statutes § 13a-149, commonly known as the defective highway statute.[2] See *Ferreira* v. *Pringle*, 255 Conn. 330, 331, 766 A.2d 400 (2001). We agree and, accordingly, reverse the judgment of the trial court.

The facts relevant to this appeal are largely undisputed. On the morning of January 21, 2011, the plaintiff was traveling to his workplace on a route he had taken for years. Snow had fallen the night before and there were patches of snow on the roadways. As he operated his motor vehicle on Canner Street, a municipal roadway in New Haven, the plaintiff followed a snowplow operated by the defendant for approximately three blocks.[3] The blade of the plow was engaged and sparks flew as it cleared the roadway.

The snowplow stopped at the intersection of Canner Street and Livingston Street, then proceeded through the intersection. The plaintiff's vehicle, which was approximately two to three car lengths behind, followed the snowplow through that intersection until the plaintiff heard a loud bang. The plaintiff continued through the intersection. Moments later, the plaintiff's vehicle struck an open manhole in the road, rendering it inoperable.[4] When the vehicle came to rest approximately ten feet away, the plaintiff observed a manhole cover in the roadway between the manhole and his vehicle.

At trial, the plaintiff testified that he did not observe the open manhole prior to colliding with it. He further testified that he did not witness the snowplow knock the cover off the manhole. There also was undisputed evidence that an orange cone was located on the side of Canner Street in the vicinity of the manhole in question, which the plaintiff had observed in that location for weeks.

The plaintiff thereafter commenced this civil action. In his original complaint, the plaintiff alleged one count of negligence on the part of the defendant's snowplow operator. In response, the defendant moved to strike that count, arguing in relevant part that it failed to state a claim upon which relief may be granted "because it fails to invoke a statute that abrogates governmental immunity." The court granted the defendant's motion and the plaintiff then filed the operative complaint, his first amended complaint. That complaint contained one count against the defendant sounding in negligence and brought pursuant to General Statutes § 52-557n (a). The defendant subsequently filed a motion to dismiss count

one of the operative complaint for lack of subject matter jurisdiction, stating: "Count one of the complaint alleges facts that state a claim of injury arising out of a highway defect, for which . . . § 13a-149 provides the exclusive remedy. The court lacks subject matter jurisdiction because the plaintiff failed to give notice of his injuries pursuant to § 13a-149." By order dated December 21, 2015, the court sustained the plaintiff's objection to the motion to dismiss, concluding that "[t]he [operative] complaint alleges that the plaintiff's injuries were caused by the negligence of the snowplow driver rather than by a defect in the road." The defendant then filed an amended answer and special defenses in which it alleged, inter alia, that the defendant was entitled to governmental immunity pursuant to § 52-557n (a) (2) (B).[5]

The matter proceeded to trial before a jury, which heard testimony from the plaintiff; Jeffrey Pescosolido, Director of Public Works for the defendant; Dale Keep, an expert in snowplow operation and safety; and Robert Sorrentino, an oral and maxillofacial surgeon who treated the plaintiff. After the plaintiff presented his case-in-chief, the defendant filed a motion for a directed verdict on the basis of governmental immunity, which the court denied. The defendant then rested without presenting any evidence and the jury subsequently returned a verdict in favor of the plaintiff.

On October 30, 2018, the defendant filed two posttrial motions. In its motion to set aside the verdict, the defendant argued that the plaintiff had failed to prove that its snowplow driver was negligent or that the plaintiff was an identifiable victim subject to imminent harm. The court denied that motion in a memorandum of decision dated April 12, 2019.

In its posttrial motion to dismiss, the defendant renewed its claim that the court lacked subject matter jurisdiction due to the plaintiff's failure to provide the requisite notice pursuant to § 13a-149. By order dated January 2, 2019, the court denied that motion, stating in relevant part: "The evidence was clear and abundant at trial, that the plaintiff was asserting a negligence claim against [the defendant] and not a defective highway claim pursuant to § 13a-149. The jury interrogatories given to the jury specifically related to the negligence of the snowplow operator and whether such injury caused the plaintiff's injuries. As this court can find no legal or factual basis upon which to grant the defendant's current motion to dismiss, said motion to dismiss is denied." The court, therefore, rendered judgment in favor the plaintiff, and this appeal followed.

On appeal, the defendant contends that the uncontroverted evidence adduced by the plaintiff at trial established that the condition that caused his injuries was, as a matter of law, a "highway defect" within the meaning of § 13a-149. Because the plaintiff did not comply

with the notice requirements of that statute, the defendant claims that the court improperly denied its posttrial motion to dismiss for lack of subject matter jurisdiction.[6]

Before considering the merits of the defendant's claim, some additional context is necessary. As a general matter, "[a] town is not liable for highway defects unless made so by statute." *Hornyak* v. *Fairfield*, 135 Conn. 619, 621, 67 A.2d 562 (1949). That immunity "has been legislatively abrogated by § 13a-149, which allows a person to recover damages against a municipality for injuries caused by a defective highway." *Martin* v. *Plainville*, 240 Conn. 105, 109, 689 A.2d 1125 (1997); see also *Cuozzo* v. *Orange*, 315 Conn. 606, 609 n.1, 109 A.3d 903 (2015) (Supreme Court "has long recognized that § 13a-149 applies to publicly traversed roadways"); *Ferreira* v. *Pringle*, supra, 255 Conn. 356 ("[t]he term 'defect' and the adjective 'defective' have been used in statutes defining the right to recover damages for injuries due to public roads or bridges in Connecticut since 1672").

Section 13a-149 provides in relevant part that "[a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . ." Our Supreme Court has "long defined a highway defect as [a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result . . . ." (Internal quotation marks omitted.) *Giannoni* v. *Commissioner of Transportation*, 322 Conn. 344, 379, 141 A.3d 784 (2016) (*Espinosa*, *J.*, dissenting); see also *Kozlowski* v. *Commissioner of Transportation*, 274 Conn. 497, 502–503, 876 A.2d 1148 (2005); *Hewison* v. *New Haven*, 34 Conn. 136, 142 (1867). "[W]hether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law"; (internal quotation marks omitted) *McIntosh* v. *Sullivan*, 274 Conn. 262, 268, 875 A.2d 459 (2005); over which we exercise plenary review.

The precedent of our Supreme Court further instructs that, "in an action against a municipality for damages resulting from a highway defect, [§ 13a-149] is the plaintiff's exclusive remedy." *Ferreira* v. *Pringle*, supra, 255 Conn. 341. That statute requires, "[a]s a condition precedent" to an action thereunder, the plaintiff to provide "a municipality with notice within ninety days of the accident."[7] Id., 354. The failure to comply with that requirement deprives the Superior Court of jurisdiction over a plaintiff's action. Id.; see also *Bagg* v. *Thompson*, 114 Conn. App. 30, 41, 968 A.2d 468 (2009) ("the failure to provide the notice required by [§ 13a-149] deprives the court of subject matter jurisdiction over the

action"); *Bellman* v. *West Hartford*, 96 Conn. App. 387, 394, 900 A.2d 82 (2006) ("[i]f § 13a-149 applies, the plaintiff must comply with the notice provisions set forth therein in order for the trial court to have subject matter jurisdiction").

It is well established that a determination regarding a trial court's subject matter jurisdiction is a question of law over which our review is plenary. See *Khan* v. *Hillyer*, 306 Conn. 205, 209, 49 A.3d 996 (2012). "Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . ." (Internal quotation marks omitted.) *Reinke* v. *Sing*, 328 Conn. 376, 382, 179 A.3d 769 (2018).

Under our rules of practice, a motion to dismiss for lack of subject matter jurisdiction may be raised at any time. See Practice Book §§ 10-30 and 10-33; *Stroiney* v. *Crescent Lake Tax District*, 205 Conn. 290, 294, 533 A.2d 208 (1987). In the present case, the defendant's posttrial motion to dismiss was predicated on the plaintiff's failure to comply with the notice requirements of § 13a-149. The question, then, is whether the court properly determined, as a matter of law, that the condition that caused his injuries was not a highway defect within the ambit of § 13a-149.

At trial, the plaintiff offered uncontroverted testimony that his injuries were caused by a collision between his vehicle and an open manhole in a municipal roadway in New Haven.[8] That manhole plainly was an object in the traveled path that necessarily obstructed or hindered the use of the road for the purpose of traveling. See *Giannoni* v. *Commissioner of Transportation*, supra, 322 Conn. 379 (*Espinosa, J.*, dissenting); see also *Machado* v. *Hartford*, 292 Conn. 364, 366, 972 A.2d 724 (2009) (defendant city liable under § 13a-149 for injuries sustained by plaintiff when vehicle "hit a large depression in the roadway" and then collided with exposed manhole cover); *Federman* v. *Stamford*, 118 Conn. 427, 429–30, 172 A. 853 (1934) (improperly installed manhole cover constituted highway defect); *Dudley* v. *Commissioner of Transportation*, 191 Conn. App. 628, 646, 216 A.3d 753 ("the allegedly defective manhole cover is within the definition of 'highway defect' "), cert. denied, 333 Conn. 930, 218 A.3d 69 (2019). Furthermore, the evidence at trial demonstrated, and the defendant concedes, that the roadway in question was one that the defendant was "bound to keep . . . in repair." General Statutes § 13a-149. Those undisputed facts conclusively establish, as a matter of law, that the condition that caused the plaintiff's injuries was a highway defect within the purview of § 13a-149.

As our precedent makes clear, it matters little that the plaintiff's complaint did not invoke § 13a-149 or that his action was predicated on § 52-557n (a). See, e.g.,

*Himmelstein* v. *Windsor*, 116 Conn. App. 28, 39, 974 A.2d 820 (2009) ("the absence of citation to § 13a-149 in [the plaintiff's nuisance allegation] is of no importance, as a complaint may still contain allegations sufficient to invoke that statute"), aff'd, 304 Conn. 298, 39 A.3d 1065 (2012). Like the plaintiffs in *Ferreira* v. *Pringle*, supra, 255 Conn. 335–36, and *Bellman* v. *West Hartford*, supra, 96 Conn. App. 393, the plaintiff in the present case claims that his cause of action was in negligence pursuant to § 52-557n. That statute provides in relevant part: "Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties . . . *provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149. . . .*" (Emphasis added.) General Statutes § 52-557n (a) (1). Our Supreme Court has construed § 52-557n "to provide that an action under [§ 13a-149] is a plaintiff's exclusive remedy against a municipality . . . for damages resulting from injury to any person or property by means of a defective road or bridge." (Internal quotation marks omitted.) *Wenc* v. *New London*, 235 Conn. 408, 412–13, 667 A.2d 61 (1995). For that reason, "[e]ven if a plaintiff does not plead § 13a-149 as a means for recovery, if the allegations in the complaint and any affidavits or other uncontroverted evidence necessarily invoke the defective highway statute, the plaintiff's exclusive remedy is § 13a-149." *Bellman* v. *West Hartford*, supra, 393–94.

We likewise disagree with the plaintiff that the cause of a particular highway defect, in this case an open manhole, alters the analysis of whether a municipality is liable under the highway defect statute. As our Supreme Court has explained, "if two sources of negligence combine to *create* a defect, which defect is then the sole proximate cause of a plaintiff's injuries, the party bound to maintain the area wherein the defect is located can still be held liable under the relevant highway defect statute. . . . [I]t follows that the manner in which a defect is created in and of itself has no bearing on . . . liability under the statute. Rather, it is the *existence* of the defect and the . . . actual or constructive knowledge of and failure to remedy that defect that are of primary importance in making out a prima facie case of . . . liability . . . . Indeed, this court previously has concluded on several occasions that a municipality may be liable under the applicable highway defect statute despite the fact that the defect was *created* by the negligence of a third party. . . . Because there exists a statutory duty to maintain highways such that they are safe for ordinary use, liability under the highway defect statutes is premised on the existence of and the

failure to remedy a defect, rather than on negligence in creating . . . a nuisance or other obstruction to present a danger to travelers."[9] (Citations omitted; emphasis in original; internal quotation marks omitted.) *Himmelstein* v. *Windsor*, 304 Conn. 298, 314–15, 39 A.3d 1065 (2012); see also *Machado* v. *Hartford*, supra, 292 Conn. 377–78.

The evidence presented at trial further demonstrated that the defendant had knowledge of the highway defect at issue. The plaintiff offered uncontroverted testimony that, soon after his vehicle collided with the open manhole, a snowplow approached with the defendant's name and insignia on it. After stopping at the scene, its driver informed the plaintiff that he had knocked the cover off the manhole. As our Supreme Court explained in a case that also concerned a highway defect involving a manhole, the fact that "the defective condition which produced [the] plaintiff's injury was due to the act of [the defendant municipality's] own representatives . . . in itself would be sufficient to impute to it notice of that [defective] condition." *Federman* v. *Stamford*, supra, 118 Conn. 430. That logic applies equally to the present case.[10]

The plaintiff also contends that "the unique circumstances of this case would not have permitted [him] to pursue" a highway defect action. We disagree. At trial, the plaintiff offered the testimony of an expert in snowplow operation and safety, who testified that, as a matter of uniform operating procedure, "when a snowplow operator hits [an obstacle in the roadway] every safety bell that they have should go off. And they should stop, find out what it was they did and to protect the scene . . . for the traveling public and find out about the damage to the truck before they leave the scene." The plaintiff also presented the testimony of the defendant's Director of Public Works, who similarly testified that, when the defendant's snowplows "hit something abruptly," including manhole covers, the driver is supposed to stop the vehicle. That undisputed testimony undermines the plaintiff's contention that the circumstances of this case precluded him from pursuing a claim that the defendant failed to take reasonable measures to remedy the defective roadway condition that he encountered on the morning of January 21, 2011.

The plaintiff brought this action pursuant to § 52-557n (a), which provides in relevant part that "no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149. . . ." The evidence at trial unequivocally established that the plaintiff's injuries were caused by a collision between his vehicle and an object in the traveled path that necessarily obstructed or hindered the use of the road for the purpose of traveling—namely, an open manhole. For that reason, the plaintiff's exclusive rem-

edy was pursuant to the highway defect statute. *Ferreira* v. *Pringle*, supra, 255 Conn. 341. The plaintiff, therefore, was obligated to comply with the notice provisions of § 13a-149 in order for the Superior Court to have jurisdiction over his action. See id., 340; *Bellman* v. *West Hartford*, supra, 96 Conn. App. 394. Because the plaintiff failed to do so, we conclude that the court improperly denied the defendant's posttrial motion to dismiss the plaintiff's action for lack of subject matter jurisdiction.

The judgment is reversed and the case is remanded with direction to grant the defendant's posttrial motion to dismiss and to render judgment accordingly.

In this opinion the other judges concurred.

[1] The plaintiff also named Geico General Insurance Company as a defendant in his complaint. At trial, the court rendered a directed verdict in favor of Geico General Insurance Company, the propriety of which the plaintiff does not contest in this appeal. We therefore refer to the city of New Haven as the defendant in this opinion.

[2] The defendant also claims that the court improperly denied its motion to set aside the verdict. In light of our conclusion that the court improperly denied its posttrial motion to dismiss, we do not address that claim.

[3] It is undisputed that the defendant is responsible for maintaining its municipal roadways, which includes snow removal.

[4] As the plaintiff testified, it was "a violent collision with [the vehicle's front tire and] the front of that manhole and then the front tire came up, [the] back tire went in and [then] came out. The [vehicle] traveled not too much longer and just died."

[5] General Statutes § 52-557n (a) (2) (B) provides in relevant part that a municipality "shall not be liable for damages to person or property caused by . . . negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."

[6] At oral argument before this court, the defendant's counsel clarified that the defendant was not contesting the propriety of the denial of its pretrial motion to dismiss, as that decision necessarily was predicated on the pleadings set forth in the plaintiff's complaint.

In this regard, we note that "[t]rial courts addressing motions to dismiss for lack of subject matter jurisdiction . . . may encounter different situations, depending on the status of the record in the case." *Conboy* v. *State*, 292 Conn. 642, 650, 974 A.2d 669 (2009). When a court is presented with a pretrial motion to dismiss, it generally is obligated to "consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) *Tremont Public Advisors, LLC* v. *Connecticut Resources Recovery Authority*, 333 Conn. 672, 688, 217 A.3d 953 (2019). The court's decision on a posttrial motion to dismiss is different, as it no longer is confined to the operative pleadings and properly admitted evidence may be considered. See *D'Angelo* v. *McGoldrick*, 239 Conn. 356, 365–66 n.8, 685 A.2d 319 (1996). For that reason, there is "no inconsistency" when a trial court denies a pretrial motion to dismiss, but thereafter grants a posttrial one. Id.

[7] General Statutes § 13a-149 obligates a plaintiff to provide "written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence . . . within ninety days thereafter . . . to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. . . ."

[8] At trial, the following colloquy occurred:

"[The Plaintiff's Counsel]: When you got to the area of [the] manhole, what happened to your vehicle?

"[The Plaintiff]: The cover had gotten flipped off so I went down into the manhole, the front tire of the truck—a violent collision with the front of that manhole and then the front tire came up, back tire went in and that came out. The truck traveled not too much longer and just died.

* * *

"[The Plaintiff's Counsel]: [How] . . . violent was the impact when you fell into the manhole cover with your truck?

"[The Plaintiff]: Well, it was pretty violent. The truck that I was driving

at the time was a small Ford Ranger so the tires were smaller so they went down quite deep into the manhole. The truck struck the other side, which is an immovable object. It hit it hard enough the back tire went through the same thing and the truck just died after it came out of the manhole.

"[The Plaintiff's Counsel]: And did your body strike any part of the interior of the [truck]?

"[The Plaintiff]: Yes, it did.

"[The Plaintiff's Counsel]: And . . . what part of your body struck what part of the interior of your truck please?

"[The Plaintiff]: The truck—my face and jaw hit the steering wheel. My body got thrown against . . . the driver side door of the truck and back against the rear windshield, the back window of the truck."

[9] Moreover, this is not a case in which the plaintiff has alleged that the condition that caused his injuries was created by the negligence of a third party—his claim is that the defendant, in the course of maintaining its municipal roadways, negligently caused that condition.

[10] For that reason, the plaintiff's reliance on *Prato* v. *New Haven*, 246 Conn. 638, 717 A.2d 1216 (1998), is unavailing. Unlike the present case, in *Prato* "[t]here [was] no evidence that the [defendant municipality] actually knew of this particular [defect] before the plaintiff had been injured." Id., 640.

––––––––––––––––––––––––