******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# WILLIAM DOBIE *v.* CITY OF NEW HAVEN ET AL.
## (SC 20623)

Robinson, C. J., and McDonald, D'Auria, Mullins and Ecker, Js.

*Syllabus*

Pursuant to statute (§ 52-557n (a) (1)), "[e]xcept as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by . . . [t]he negligent acts or omissions of such political subdivision or any employee . . . thereof acting within the scope of his employment or official duties . . . provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road . . . except pursuant to section 13a-149."

Pursuant further to statute (§ 13a-149), "[a]ny person injured in person or property by means of a defective road . . . may recover damages from the party bound to keep it in repair."

The plaintiff sought to recover damages for personal injuries he sustained in connection with an incident on a municipal road maintained by the named defendant, the city of New Haven. The plaintiff had been driving his vehicle behind a snowplow, operated by a city employee, that dislodged a manhole cover a few seconds before the incident. The plaintiff alleged in his complaint, pursuant to § 52-557n (a) (1), that the snowplow operator had negligently dislodged the manhole cover, which then became airborne, lodged under the plaintiff's vehicle, and caused the plaintiff to lose control of his vehicle and to sustain injuries. The city filed a pretrial motion to dismiss, claiming that the trial court lacked subject matter jurisdiction because § 13a-149 provided the exclusive remedy for the plaintiff's injuries, and the plaintiff had failed to comply with that statute's notice provisions. The trial court denied the pretrial motion, reasoning that the complaint alleged that the plaintiff's injuries were caused by the negligence of the snowplow operator rather than by a defect in the road. At trial, however, the plaintiff's testimony differed from the allegations in his complaint, insofar as he testified that his injuries occurred when he drove his vehicle into the open manhole itself and that the manhole cover never lodged under his vehicle. The jury returned a verdict for the plaintiff, and the city filed a posttrial motion to dismiss, renewing the claims that it had raised in its pretrial motion. The trial court denied the posttrial motion to dismiss and rendered judgment in accordance with the jury verdict. The city thereafter appealed to the Appellate Court from the trial court's judgment. Before the Appellate Court, counsel for the city conceded that the trial court had properly denied the city's pretrial motion to dismiss. Nevertheless, the Appellate Court reversed the trial court's judgment, concluding, inter alia, that the plaintiff's sole remedy was an action pursuant to § 13a-149 and that, because the plaintiff had failed to satisfy the notice requirements of that statute, the trial court lacked subject matter jurisdiction. On the granting of certification, the plaintiff appealed to this court. *Held*:

1. The concession by the city's counsel before the Appellate Court that the trial court had properly denied its pretrial motion to dismiss did not constitute a concession that the trial court had correctly decided the city's posttrial motion to dismiss:

 The rules and procedures that apply to a trial court's determination concerning its subject matter jurisdiction depend on the state of the record at the time the motion to dismiss for lack of jurisdiction is filed.

 The trial court, in deciding the city's posttrial motion, was required to consider any undisputed facts established at trial, and the facts established at trial differed from those that the plaintiff alleged in his complaint and included the plaintiff's own testimony that his injuries occurred when he drove his vehicle into the uncovered manhole and that the manhole cover had not lodged under his vehicle.

 Accordingly, the record before the trial court when it addressed the

city's pretrial motion and the record before the court when it addressed the city's posttrial motion did not involve the same underlying facts, and, thus, there was no merit to the plaintiff's claim that counsel's concession that the trial court had properly denied the city's pretrial motion equated to a concession that the court properly denied the city's posttrial motion.

2. The Appellate Court correctly concluded that § 13a-149 was the plaintiff's sole remedy under the facts and circumstances of the case, and, because the plaintiff had not complied with the notice requirements of that statute, the Appellate Court properly reversed the trial court's judgment and remanded the case with direction to grant the city's posttrial motion to dismiss:

It was of no consequence that the city employee's negligence may have caused the removal of the manhole cover, as the statutes and case law made clear that, if a plaintiff's damages result from injury to person or property by means of a defective road, irrespective of whether those means were created negligently, the plaintiff's exclusive remedy is § 13a-149.

Moreover, in light of its prior holdings that depressions in roadways, such as potholes, constitute highway defects, this court concluded that an uncovered, open manhole constitutes a highway defect as a matter of law.

Furthermore, there was no merit to the plaintiff's claim that requiring his action to be brought under § 13a-149 left him without a remedy, the plaintiff having confused the idea of being left without a remedy and the difficulty in successfully proving the elements of the remedy afforded to him by law, as the plaintiff plausibly could have contended, on the basis of the evidence adduced at trial, that the city might have had notice of the uncovered manhole and a reasonable opportunity to fix that defect if the snowplow driver had stopped his truck immediately after hitting the manhole cover, and the plaintiff's failure or inability to prove those elements or any other element of the statute did not negate the legislature's choice to make § 13a-149 the exclusive remedy by which a plaintiff may recover for damages resulting from injury to person or property by means of a highway defect.

Argued December 21, 2022—officially released April 18, 2023

*Procedural History*

Action to recover damages for personal injuries sustained as a result of the named defendant's alleged negligence, and for other relief, brought to the Superior Court in the judicial district of New Haven and tried to the jury before *Ozalis, J.*; verdict for the plaintiff; thereafter, the court denied the named defendant's motions to set aside the verdict and to dismiss, and rendered judgment in accordance with the verdict, from which the named defendant appealed to the Appellate Court, *Elgo*, *Cradle* and *Alexander, Js.*, which reversed the trial court's judgment and remanded the case with direction to grant the named defendant's posttrial motion to dismiss and to render judgment thereon, and the plaintiff, on the granting of certification, appealed to this court. *Affirmed.*

*Brendan K. Nelligan*, with whom, on the brief, was *Leann Riether*, for the appellant (plaintiff).

*Thomas R. Gerarde*, with whom, on the brief, was *Beatrice S. Jordan*, for the appellee (named defendant).

*Opinion*

D'AURIA, J. In this certified appeal, we are asked to decide whether an open manhole on a public roadway, uncovered after a snowplow driver negligently knocked off its cover only seconds before a motorist drove into the manhole, constitutes a "highway defect," making General Statutes § 13a-149, our highway defect statute, the motorist's exclusive remedy for injuries he sustained as a result. The plaintiff, William Dobie, appeals from the judgment of the Appellate Court, which reversed the trial court's judgment, rendered after a jury verdict in his favor, on one count of negligence as against the named defendant, the city of New Haven.[1] The Appellate Court held that the highway defect statute was in fact the plaintiff's exclusive remedy. *Dobie* v. *New Haven*, 204 Conn. App. 583, 595, 254 A.3d 321 (2021). We affirm the Appellate Court's judgment.

The following undisputed facts and procedural history are relevant to this appeal. The plaintiff was driving his vehicle the morning after snow had fallen. Patches of snow remained on the roadways. As he operated his vehicle on Canner Street, a municipal roadway in New Haven, the plaintiff followed a snowplow operated by an employee of the defendant. The snowplow proceeded through an intersection, with the plaintiff's vehicle following approximately two to three car lengths behind. The plaintiff heard a loud bang and, seconds later, his vehicle fell into an open manhole. The vehicle was damaged and rendered inoperable, and he sustained injuries. When his vehicle came to rest about ten feet past the open manhole, the plaintiff observed a manhole cover in the roadway between the manhole and his vehicle. The snowplow then came back around the block and stopped at the accident location. The driver told the plaintiff that the snowplow had hit the manhole cover and knocked it off.

The plaintiff brought this civil action and, in his summons, designated the case type as "T 12," which represents the description for "Defective Premises - Public - Other." The operative complaint alleged one count of negligence on the part of the defendant's snowplow operator pursuant to General Statutes § 52-557n, which governs tort liability of political subdivisions of the state and their employees, officers, and agents. The complaint alleged that the snowplow operator, as an employee of the defendant, had negligently operated his vehicle by dislodging a manhole cover, which then lodged under the plaintiff's vehicle, causing him to lose control of it. The plaintiff did not bring a separate negligence action against the snowplow operator. The defendant moved to dismiss the complaint for lack of subject matter jurisdiction, arguing that the single negligence count "allege[d] facts that state a claim of injury arising out of a highway defect, for which . . . § 13a-149 provides the exclusive remedy. The court lacks subject

matter jurisdiction because the plaintiff failed to give notice of his injuries pursuant to § 13a-149." The trial court sustained the plaintiff's objection to the defendant's motion to dismiss, concluding that "[t]he [operative] complaint allege[d] that the plaintiff's injuries were caused by the negligence of the snowplow driver rather than by a defect in the road." (Internal quotation marks omitted.) *Dobie* v. *New Haven*, supra, 204 Conn. App. 586.

The matter proceeded to a jury trial during which the plaintiff's testimony differed from the allegation in his complaint. Specifically, the plaintiff testified that he drove over the dislodged manhole cover after driving into the manhole itself. As a result of having driven into the open manhole, the plaintiff sustained injuries and his vehicle was damaged. The plaintiff further testified that the manhole cover did not become lodged under his vehicle at any point. There also was no evidence at trial that driving over the manhole cover itself caused any damage to the plaintiff's vehicle or caused him to lose control of his vehicle. The jury returned a verdict in the plaintiff's favor, finding that the snowplow operator was negligent and that his negligence proximately caused the plaintiff's injuries.

The defendant filed a posttrial motion to dismiss, renewing its claim that the trial court lacked subject matter jurisdiction because § 13a-149 provides the sole remedy for the plaintiff's injuries and the plaintiff failed to comply with the statute's notice requirements. The defendant claimed that the plaintiff's testimony at trial established that he was injured by means of an open manhole, which the defendant argued is a highway defect. The court denied the defendant's motion, ruling that the evidence at trial clearly established that the plaintiff was asserting a negligence claim against the city, not a defective highway claim.[2] The defendant appealed.

In its brief to the Appellate Court, the defendant contested the trial court's denial of its pretrial and posttrial motions to dismiss. However, at oral argument before the Appellate Court, the defendant's appellate counsel conceded that the trial court had correctly decided the pretrial motion because, if the manhole cover had become airborne and struck the plaintiff's vehicle, as the plaintiff pleaded in his complaint, then the complaint would have appropriately alleged a claim for negligence under § 52-557n (a).

The defendant contended before the Appellate Court that, because the evidence at trial had established that the plaintiff sustained injuries when he drove into the uncovered manhole, his damages, as a matter of law, resulted from injuries to his person or property by means of a "highway defect" within the meaning of § 13a-149. Id., 587–88. Specifically, the defendant argued that the uncovered manhole was an "object in the travel path that necessarily obstructed/hindered the use of the

road for the purpose of traveling," the definition of highway defect that this court has consistently used. See, e.g., *McIntosh* v. *Sullivan*, 274 Conn. 262, 268–69, 875 A.2d 459 (2005); *Hewison* v. *New Haven*, 34 Conn. 136, 142 (1867). Because the plaintiff did not comply with the notice requirements of that statute, the defendant claimed that the trial court improperly denied its posttrial motion to dismiss. *Dobie* v. *New Haven*, supra, 204 Conn. App. 588.

The Appellate Court agreed with the defendant and reversed the trial court's judgment, holding that "the plaintiff's injuries were caused by a collision between his vehicle and an object in the traveled path that necessarily obstructed or hindered the use of the road for the purpose of traveling—namely, an open manhole." Id., 595. As a result, the court held that the plaintiff's sole remedy was an action pursuant to the highway defect statute. Id. The Appellate Court further held that, because the plaintiff had failed to comply with the notice provisions of § 13a-149, the trial court lacked subject matter jurisdiction over the action. Id. Therefore, the Appellate Court reversed the trial court's judgment and directed the trial court on remand to grant the defendant's posttrial motion to dismiss and to render judgment accordingly. Id.

The plaintiff sought certification to appeal, which we granted on the following two issues: (1) "Did the Appellate Court correctly conclude that . . . § 13a-149 was the plaintiff's sole remedy under the facts and circumstances of the case?" And (2) "[d]id the Appellate Court correctly conclude that the trial court had improperly denied the defendant's posttrial motion to dismiss when the defendant conceded at oral argument that the trial court had properly denied the defendant's pretrial motion to dismiss?" *Dobie* v. *New Haven*, 338 Conn. 901, 258 A.3d 90 (2021). We answer both questions in the affirmative and therefore affirm the Appellate Court's judgment.

I

Because it helps to frame the first certified issue, we address the second certified issue first. Specifically, the plaintiff argues that the defendant's pretrial and posttrial motions to dismiss for failure to bring this action pursuant to the highway defect statute were indistinguishable. Therefore, he argues that the defendant's concession at oral argument before the Appellate Court that the trial court properly denied the pretrial motion, along with the defendant's failure to meaningfully distinguish between the motions to dismiss, equates to a concession that the trial court also properly denied the posttrial motion to dismiss. The defendant responds that the record before the trial court at the time of the posttrial motion "presented a markedly different situation" that required the court to consider undisputed facts established at trial, not merely the allega-

tions in the complaint. We agree with the defendant.

First, we must acknowledge that "[t]rial courts addressing motions to dismiss for lack of subject matter jurisdiction . . . may encounter different situations, depending on the status of the record in the case. . . . [L]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. . . . Different rules and procedures will apply, depending on the state of the record at the time the motion is filed." (Internal quotation marks omitted.) *Columbia Air Services, Inc.* v. *Dept. of Transportation*, 293 Conn. 342, 347, 977 A.2d 636 (2009).

When deciding the defendant's pretrial motion to dismiss, the trial court properly considered only the allegations of the complaint, construing the facts alleged in the manner "most favorable to the [plaintiff]." (Internal quotation marks omitted.) Id. The plaintiff's complaint alleged that the snowplow had hit the manhole, causing the manhole cover to propel into the air and lodge under the plaintiff's vehicle, which caused him to lose control of the vehicle. By contrast, when deciding the defendant's posttrial motion to dismiss, the court was obliged to consider any undisputed facts established at trial. The facts established at trial differed from the facts alleged in the plaintiff's complaint. Specifically, based on the plaintiff's own testimony, it was undisputed that the plaintiff had driven his vehicle into the open manhole, causing injury to himself and damage to the vehicle. The manhole cover did not lodge under his vehicle. The record before the trial court when it addressed the pretrial motion and the posttrial motion did not involve the same underlying facts. Thus, the defendant's concession that the trial court had decided the pretrial motion to dismiss properly does not constitute a concession that it decided the posttrial motion to dismiss properly as well.

## II

The principal issue in this appeal requires this court to review the trial court's ruling on a motion to dismiss. Our standard of review is well established. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) *Filippi* v. *Sullivan*, 273 Conn. 1, 8, 866 A.2d 599 (2005). A trial court's determination of its subject matter jurisdiction is a question of law that we review de novo. See, e.g., *Angersola* v. *Radiologic Associates of Middletown, P.C.*, 330 Conn. 251, 264, 193 A.3d 520 (2018).

The applicable law governing a municipality's liability

for negligence and highway defects is also well established. At common law, municipalities could not be held liable for the negligence of their employees. See, e.g., *Spears* v. *Garcia*, 263 Conn. 22, 29, 818 A.2d 37 (2003). Similarly, as a general matter, a municipality was immune from liability for highway defects. See, e.g., *Hornyak* v. *Fairfield*, 135 Conn. 619, 621, 67 A.2d 562 (1949) ("[a] town is not liable for highway defects unless made so by statute").

The legislature has abrogated both principles in a limited fashion. "[Section] 52-557n abandons the common-law principle of municipal [governmental] immunity and establishes the circumstances in which a municipality may be liable for damages. . . . One such circumstance is a negligent act" of a municipal employee. *Ventura* v. *East Haven*, 330 Conn. 613, 629, 199 A.3d 1 (2019). A municipality's immunity from liability for highway defects also "has been legislatively abrogated by § 13a-149, which allows a person to recover damages against a municipality for injuries caused by a defective highway." *Martin* v. *Plainville*, 240 Conn. 105, 109, 689 A.2d 1125 (1997).

The plaintiff brought his claim under § 52-557n (a) (1), the municipal negligence statute, which provides in relevant part: "*Except as otherwise provided by law*, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties . . . ." (Emphasis added.) This statute provides a specific exception, however, namely, that "no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149." General Statutes § 52-557n (a) (1). "We have construed § 52-557n . . . to provide that, in an action against a municipality for damages resulting from a highway defect, the defective highway statute is the plaintiff's exclusive remedy." *Ferreira* v. *Pringle*, 255 Conn. 330, 341, 766 A.2d 400 (2001). Section 13a-149, in turn, provides in relevant part that "[a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . No action for any such injury shall be maintained against any . . . city . . . unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to . . . the clerk of such city . . . ." If a plaintiff fails to comply with the notice provisions of the statute, the trial court does not have subject matter jurisdiction over the matter. See *Ferreira* v. *Pringle*, supra, 344.

The plaintiff argues that he properly brought his action under § 52-557n, alleging that the circumstances

of the present case clearly implicate the negligent operation of a motor vehicle. Therefore, he contends, this case is not governed by § 13a-149. Specifically, the plaintiff argues that, because the snowplow driver, an employee of the defendant, knocked the cover off the manhole, the operative issue is the driver's negligence, and, therefore, it was proper to litigate the plaintiff's claim as a negligence action brought pursuant to § 52-557n. The defendant counters that an uncovered manhole is "[an] object in, upon, or near the traveled path," the definition our case law gives to the phrase highway defect and, therefore, that the plaintiff's claimed damages "result[ed] from injury . . . by means of a defective road" and is governed exclusively by § 13a-149.

The problem with the plaintiff's argument is that, under our statutes and case law, the fact that a municipal employee's negligence might have caused the defect has been taken out of the equation. If the plaintiff's damages "result[ed] from injury to any person or property *by means of a defective road*," irrespective of whether those "means" were created negligently, then his remedy is exclusive: "[N]o cause of action shall be maintained . . . except pursuant to section 13a-149." (Emphasis added.) General Statutes § 52-557n (a) (1). "[T]he manner in which a defect is created in and of itself has no bearing on the town's liability under the statute." *Machado* v. *Hartford*, 292 Conn. 364, 378, 972 A.2d 724 (2009). That is to say, even if we accept, as we must, the jury's finding that the snowplow driver was negligent, the highway defect statute still provides the plaintiff's exclusive remedy for injuries sustained as a result "of a defective road or bridge . . . ." General Statutes § 13a-149. This brings the plaintiff's claim both within the exception to § 52-557n, governing the defendant's liability for its employees' negligence, and within § 13a-149, governing the defendant's liability for highway defects. The dispositive question, then, is whether the "means" by which the injury was caused in fact was a "defective road." Two of our precedents most particularly illustrate this point.

The plaintiff in *Machado* brought an action against the defendant municipality for injuries she sustained when the car she was driving hit a large depression in the road that developed as a result of road repairs a third-party contractor had performed. *Machado* v. *Hartford*, supra, 292 Conn. 366. After hitting the depression, the plaintiff's car became airborne, landing on a manhole cover projecting six to eight inches above the roadway. Id. The plaintiff brought a highway defect claim pursuant to § 13a-149. Id. The defendant claimed that it could not be liable because the trial court found that the third party's negligence had caused the plaintiff's injuries. Id. This court disagreed with the defendant, holding that "[i]t is settled law in this state that the liability of [a town] under § 13a-149 is purely for breach of a statutory duty and does not arise from

negligence. . . . Such liability represents a penalty for the town's failure to perform adequately its statutory duty to repair its roads, and it is solely the town's failure in that regard that renders it liable. . . . Accordingly, because municipal liability under § 13a-149 is predicated exclusively on the town's failure to carry out its statutory duty, *it follows that the manner in which a defect is created in and of itself has no bearing on the town's liability under the statute. Rather, it is the existence of the defect and the town's actual or constructive knowledge of and failure to remedy that defect that are of primary importance in making out a prima facie case of municipal liability under § 13a-149.*" (Citations omitted; emphasis altered; internal quotation marks omitted.) Id., 377–78.

The court went on to explain that, "[w]hen the defect, once created, causes the accident in the absence of any other intervening factors . . . the injuries in that case *would* be caused solely by means of the defect, even though that defect may originally have been created by the negligence of a third party." (Emphasis in original.) Id., 380. Just as a third party's negligent performance of the road repairs created the defect in *Machado*, the negligence of the defendant's employee in the present case created the defect at issue. Both scenarios implicate § 13a-149.

In *Ferreira*, the plaintiff brought an action pursuant to § 52-557n (a) for injuries he sustained after tripping on a remnant of a severed steel signpost that was embedded in a grassy embankment on the side of a public roadway. *Ferreira* v. *Pringle*, supra, 255 Conn. 332, 335. The plaintiff alleged that the defendant municipal employees, in the course of their employment, had been negligent in maintaining the grassy embankment on the shoulder of the road, thereby causing his injuries. Id., 335–36. The trial court dismissed the action for lack of subject matter jurisdiction, holding that, even when accepting as true all of the plaintiff's allegations, including his allegations of the defendants' negligence, his injuries as a matter of law resulted from a highway defect—the embedded steel signpost—and § 13a-149 was his exclusive remedy. Id., 337–38. This court upheld the trial court's dismissal of the action, holding that the "facts conclusively establish[ed], as a matter of law, that the condition allegedly causing the plaintiff's injuries constitute[d] a highway defect . . . ." Id., 345. Although the plaintiff had filed a notice of intention to sue the town and its employees pursuant to General Statutes § 7-465 " 'and other relevant statutes' " for injuries he sustained as a result of the allegedly negligent maintenance of the grassy highway shoulder; id., 332–33; he failed to comply with the notice requirements of § 13a-149. Id., 332. Thus, we held that the trial court lacked jurisdiction over the action. Id., 332, 354–55.

Our case law, therefore, makes clear that, when applying

§ 13a-149, courts have not had to hypothesize as to what created the highway defect that caused a plaintiff's injuries, which would create an additional burden that the statute does not require. Instead, the question simply is whether the plaintiff was injured "by means of a defective road . . . ."[3] General Statutes § 13a-149.

What constitutes a "defective road," or what is more commonly referred to as a "highway defect," and, therefore, which statute governs a motorist's claim for damages against a municipality, have been the subject of a great deal of litigation. We have long held that a "highway defect is [a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result . . . ." (Internal quotation marks omitted.) *Ferreira* v. *Pringle*, supra, 255 Conn. 342; see also id., 356 ("[t]he term 'defect' and the adjective 'defective' have been used in statutes defining the right to recover damages for injuries due to public roads or bridges in Connecticut since 1672"). "Whether a condition in a highway constitutes a defect must be determined in each case on its own particular circumstances." (Internal quotation marks omitted.) *Giannoni* v. *Commissioner of Transportation*, 322 Conn. 344, 360, 141 A.3d 784 (2016). This determination "may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law . . . ." (Internal quotation marks omitted.) *Ferreira* v. *Pringle*, supra, 341–42.

Many of our highway defect cases have arisen as a result of conditions caused by snowy or icy roadways. In those cases, it was undisputed that the defect at issue fell within the scope of § 13a-149. See, e.g., *Pratt* v. *Old Saybrook*, 225 Conn. 177, 178–79, 621 A.2d 1322 (1993); *Lukas* v. *New Haven*, 184 Conn. 205, 206–207, 439 A.2d 949 (1981). In other cases, this court has held that falling tree limbs; see *Comba* v. *Ridgefield*, 177 Conn. 268, 269–70, 413 A.2d 859 (1979); and falling rocks and debris; see *McIntosh* v. *Sullivan*, supra, 274 Conn. 285; that strike traveling cars are not considered highway defects. Several cases have established that manhole *covers* may constitute highway defects in certain circumstances. See, e.g., *Machado* v. *Hartford*, supra, 292 Conn. 366 (defendant city was liable for injuries plaintiff sustained when vehicle "hit a large depression in the roadway" and then collided with exposed manhole cover); *Federman* v. *Stamford*, 118 Conn. 427, 429–30, 172 A. 853 (1934) (improperly installed manhole cover); *Dudley* v. *Commissioner of Transportation*, 191 Conn. App. 628, 646, 216 A.3d 753 ("allegedly defective manhole cover is within the definition of 'highway defect' "), cert. denied, 333 Conn. 930, 218 A.3d 69 (2019).

Given that we have held that depressions in a road-

way—potholes—are highway defects, we have no trouble concluding that it logically follows that an uncovered, open manhole, as a matter of law, is also a highway defect. See *Cuozzo* v. *Orange*, 315 Conn. 606, 617–18, 109 A.3d 903 (2015) (accepting that pothole is highway defect but focusing analysis on whether driveway at issue was private or public roadway); *Steele* v. *Stonington*, 225 Conn. 217, 221, 622 A.2d 551 (1993) (§ 13a-149 was plaintiff's sole remedy for injuries caused by "series of potholes and bumps in the road" that caused him to lose control of his motorcycle (internal quotation marks omitted)).

The plaintiff argues that requiring his claim to be brought as a highway defect action would "yield unworkable results." He hypothesizes that, under the Appellate Court's reasoning, if a motorist's vehicle hit a municipal vehicle that had passed a stop sign without stopping, the municipal vehicle would be "obstructing the roadway," as defined by § 13a-149, or that, if a hose fell from a firetruck and struck a vehicle traveling behind the firetruck, § 13a-149 also would be implicated. The plaintiff is mistaken. In *Comba* v. *Ridgefield*, supra, 177 Conn. 268, this court held that a tree limb that hung over the traveled portion of a highway and broke off, falling onto the plaintiff's vehicle, was not a "defect" within the meaning of § 13a-149. Id., 271–72. Although this court has recognized that a "defect need not be a part of the roadbed itself," objects that "have no necessary connection with the roadbed or public travel, which expose a person to danger . . . do not ordinarily render the road defective." Id., 270; see also *Hewison* v. *New Haven*, supra, 34 Conn. 143. This distinguishes the present case from the fallen tree limb in *Comba*, and the hose that fell off a firetruck in the plaintiff's hypothetical. Additionally, this court has never held that a moving vehicle can be a highway defect, and, contrary to the plaintiff's assertions, our holding today does not necessitate that conclusion. There is no claim in this case that the plaintiff was harmed directly by a moving vehicle. Here, the plaintiff's damages resulted from injuries to his "person or property by means of" an open manhole, i.e., a hole *in the roadbed itself*.[4] General Statutes § 13a-149.

Relying on *Prato* v. *New Haven*, 246 Conn. 638, 717 A.2d 1216 (1998), the plaintiff also argues that he would be "left without a remedy" if he were compelled to bring an action under § 13a-149. In *Prato*, this court held that a plaintiff who had sustained injuries in a bonfire explosion on a city street could not recover under § 13a-149. See id., 639–40, 648. The court held that, because the injuries happened "within, at most, a few minutes of the ignition of the bonfire," the defendant municipality did not have, and could not have had, notice of the alleged defect. Id., 640. The plaintiff's argument, however, confuses the idea of being "left without a remedy" with the difficulty in successfully

proving the elements of the remedy that the law affords him.

To prove liability under the highway defect statute, a plaintiff must prove "(1) that the highway was defective as claimed; (2) that the defendant actually knew of the particular defect or that, in the exercise of its supervision of highways in the city, it should have known of that defect; (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (4) that the defect must have been the sole proximate cause of the injuries and damages claimed . . . ." (Emphasis omitted; internal quotation marks omitted.) *Machado* v. *Hartford*, supra, 292 Conn. 376. "It is the settled law of our state that [i]n a case seeking recovery for damage from defects in a highway, it is a prerequisite of liability that the authority charged with maintenance shall have had either actual notice of the defect or constructive notice through its existence for such a length of time that it would have been known in the exercise of reasonable care, and a reasonable opportunity afforded to remedy it." (Internal quotation marks omitted.) *Baker* v. *Ives*, 162 Conn. 295, 305, 294 A.2d 290 (1972).

Based on the evidence presented at trial in the negligence action, which the plaintiff could have supplemented had he pursued this action as a highway defect case, he plausibly could have contended that the defendant had notice of the uncovered manhole. For example, the plaintiff testified that, soon after his vehicle went into the open manhole, the snowplow driver, having circled the block, approached to inform the plaintiff that, while plowing, he had knocked the cover off the manhole. This court has previously held, in a highway defect case involving a manhole, that the fact that "the defective condition [that] produced [the] plaintiff's injury was due to the act of [the defendant municipality's] own representatives . . . in itself would be sufficient to impute to [the municipality] notice of that [defective] condition." *Federman* v. *Stamford*, supra, 118 Conn. 430.

The evidence at trial also demonstrated that the plaintiff plausibly could have established that the defendant would have had a reasonable opportunity to fix the defect. Jeffrey Pescosolido, the defendant's Director of Public Works, testified at trial that, when a snowplow driver "hit[s] something abruptly," hears "a large noise or [feels] something [different] in the truck than [normal] or [sees] something," the driver is supposed to stop. Dale Keep, who testified for the plaintiff as an expert in snowplow operation and road maintenance involving snow and ice, stated that the snowplow driver should have immediately stopped the plow to determine what had happened. Based on this evidence, the plaintiff could have plausibly demonstrated that, if the snow-

plow driver had stopped his truck immediately after hitting the manhole cover, the defendant might have had a reasonable opportunity to remedy the defect.

We do not suggest that it would have been easy for the plaintiff to prove that the defendant had sufficient notice of, and opportunity to cure, the defect in the present case. Similarly, and without commenting on the facts of this case, it can be very difficult to prove the element of sole proximate cause under some circumstances. "[T]he municipal highway defect [statute] require[s] that the highway defect is the sole proximate cause of the plaintiff's injuries, which precludes recovery against . . . a municipality in the event that the injury was caused by a combination of the defect and negligence on the part of the [plaintiff] or a third party." *Himmelstein* v. *Windsor*, 304 Conn. 298, 313, 39 A.3d 1065 (2012); see also *Williamson* v. *Commissioner of Transportation*, 209 Conn. 310, 321, 551 A.2d 704 (1988) ("if there is any negligence by the [plaintiff], even [*1*] *percent*, she may not recover" (emphasis added; internal quotation marks omitted)). Additionally, if a plaintiff fails to comply with the notice requirements of the statute, he cannot maintain a cause of action. See, e.g., *Ferreira* v. *Pringle*, supra, 255 Conn. 355. A plaintiff's failure or inability to prove any of these or other elements, however, does not negate the fact that § 13a-149 is the exclusive remedy the legislature has provided by which he can recover for injuries resulting by means of a highway defect. The plaintiff cites no highway defect case—and we have found none—that says otherwise.

The Appellate Court correctly concluded that § 13a-149 provides the plaintiff's sole remedy because he sustained injuries that resulted from a highway defect—an uncovered manhole. Therefore, because the plaintiff did not comply with the notice requirements of the statute, the Appellate Court properly reversed the trial court's judgment and remanded the case with direction to grant the defendant's posttrial motion to dismiss.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

[1] The plaintiff also named his insurance carrier, the Geico General Insurance Company, as a defendant in his complaint. At trial, the court directed a verdict in favor of the insurer, which the plaintiff does not challenge in this appeal. For purposes of this appeal, we refer to the city of New Haven as the defendant.

[2] The defendant also filed a posttrial motion to set aside the verdict, arguing that the plaintiff had failed to prove that the snowplow driver was negligent or that the plaintiff was an identifiable victim subject to imminent harm. The trial court denied the motion. The Appellate Court concluded that the posttrial motion to dismiss was improperly denied and did not address the motion to set aside the verdict. See *Dobie* v. *New Haven*, supra, 204 Conn. App. 585 n.2. Therefore, the trial court's ruling on that motion is not before us in this certified appeal.

[3] The plaintiff must also prove that the defendant municipality was "bound to keep [the road] in repair." General Statutes § 13a-149. That issue is not contested in this case. Both parties agree that the defendant had the responsibility to maintain the roadway on which the plaintiff was injured.

[4] In his reply brief to this court, the plaintiff resurrects the idea that an "unsecured manhole cover" caused his injuries when his undisputed testimony at trial showed that he was injured when his vehicle fell into the open manhole in the road itself.

---